Parsons, C. J.
Where one trespass has been committed by several persons jointly, the party injured may sue any, or all the trespassers ; but he can recover but one satisfaction for the same injury. As it is confessed by the pleadings in this case, that the trespass was committed jointly by Dennis and the defendant, and that Dennis has made full satisfaction, the plea in bar is sufficient, unless the plaintiff can by law avoid the accord made between him and Dennis.
This right in the plaintiff is insisted on by his counsel, on the general principle, that an infant may avoid all contracts made by him, with the exception of contracts for necessaries.
infants are supposed to be destitute of sufficient understanding to contract. The law, therefore, protects their weakness and imbecility, so far as to allow them to avoid all their contracts by *67 which they may be injured. But in favor of infants, they are bound by all reasonable contracts for their maintenance and education, and also by all acts which they are obliged by law to do. Upon this principle, they may avoid the sale of their chattels or lands, or any contract or agreement to surrender or release their rights, for which they are entitled to an equivalent; because it is a presumption of law, that infants have not sufficient discretion to put a just value on their property or rights.
But an injury done to an infant, by assaulting and beating him, vests in him a right of action, to recover adequate damages. He is not, however, supposed to have capacity to ascertain the damages, and, therefore, if he release them, he may avoid the release. On the same ground, if he submit his rights to arbitration, he will not be bound by the award, from a presumed incompetency to choose suitable arbitrators. For the same reason, if he attempt himself to ascertain the damages, he cannot be obliged by *this act, although he may have received the damages [ * 81 ] he claims. They may be extremely inadequate to the injury, and the law will protect him as well against himself as against others.
Where the infant is quite a child, this humane provision of the law is evidently reasonable; but the law has drawn no line between an infant of six years old, and one of twenty years old; for all infants are entitled to equal protection.
The law, however, will not admit these principles to be made an engine of fraud and injustice; and in the case at bar, if the jury on the trial are convinced that the satisfaction received from Dennis was a compensation for the injury, they will assess for the plaintiff but nominal damages. But if the compensation should be found inadequate, the jury will give such further sum, as, with the money received from Dennis, will amount to a reasonable satisfaction. The law very properly will not trust an infant to fix a value on his own rights. But this power is devolved on a jury, who will do justice to all parties.
The replication is adjudged good; and let a jury inquire of the damages.