* Parker, C. J.,
delivered" the opinion of the Court.
The question presented to the Court in this case, and which has been argued, is, whether the issue on the part of the plaintiffs is maintained by the evidence reported.
The first objection taken by the defendants’ counsel is, that no express promise is proved after the coming of age of the defendant. By the authorities, a mere acknowledgment of the debt, such as would take a case out of the statute of limitations, is not a ratification of a contract made during minority. The distinction is undoubtedly well taken. The reason is, that a mere acknowledgment avoids the presumption of payment, which is created by the statute of limitations; whereas the contract of an infant may always, except in certain cases sufficiently known, be voided by him by plea, whether he acknowledges the debt or not; and some positive act or declaration on his part is necessary to defeat his power of avoiding it.
But the terms of ratification need not be such as to import a *393 direct promise to pay. All that is necessary is, that he expressly agrees to ratify his contract; not by doubtful acts, such as payment of a part of the money due, or the interest; but by words, oral or in writing, which import a recognition and a confirmation of his promise.
In the present case, the defendant acknowledged that the money was due, when called upon to pay the demand; and promised that he would endeavor to procure the money upon his return home, and send it to the plaintiff. This was sufficient to satisfy the jury that he assented to and ratified the original promise; for it would be a distortion of language to suppose that he meant only to endeavor to persuade Dutch to pay the money; and if he succeeded, that he, Green, would send it to the plaintiff, (a)
But the other point made in the defence is more difficult, and presents a question new to us all. This is, that the note, being signed by Dutch for Green, was void in regard to Green; because he was not capable of communicating authority to Dutch to contract for him; * and that, being void, it is not the subject of a subsequent ratification.
No such question appears to have occurred in our courts, nor in those of England, or of the neighboring states. Partnerships have not been uncommon between adults and infants; and simple contracts, signed by one for both, undoubtedly have often been made.
It is unfavorable to the principle contended for by the counsel for Green, that no such case has been found; for this silence of the books authorizes a presumption that no distinction has been recognized between acts of this kind done by the infant himself, and those done for him by another. We must, however, examine the principles by which the contracts of infants are governed, and see if, by any analogy to settled cases, the present defence can be maintained.
It is admitted, generally, that a contract made by an infant, although not for necessaries, is only voidable; and that an express adoption of it, after he comes of age, will make it valid from its date. Nor does the law require that he shall be sued, as upon the *394 new promise; but gives life and validity to the old one, after it is thus assented to. But it is urged that this doctrine applies only to those contracts which are made by the infant personally ; and that the delegation of power by him to another of full age, to act for him, is utterly void ; and that no contract, made in virtue of such delegation, can subsist, so as to be made good by subsequent agreement or ratification.
If we confine ourselves to the letter of the authorities, it would seem that this doctrine is correct; for we find that, in the distinctions made in the books between the void and voidable acts of an infant, a power of attorney is generally selected, by way of example, as an act absolutely void; unless it be made to enable the attorney to do some act for the benefit of the infant, such as a power of attorney to receive seisin, in order to complete his title to an estate.
The books are not very clear upon this subject. All of them admit a distinction between void and voidable * acts; and yet disagree with respect to the acts to be classed under either of those heads. One result, however, in which they all appear to agree, is stated by Lord Mansfield, in the case of Zouch vs. Parsons, cited in the argument, viz., that, whenever the act done may be for the benefit of the infant, it shall not be considered void ; but that he shall have his election, when he comes of age, to affirm or avoid it; and this is the only clear and definite proposition which can be extracted from the authorities.
The application of this principle is not, however, free from difficulty ; for, when a note or other simple contract is made by an infant himself, it may be made good by his assent, without any inquiry whether it was for his benefit or to his prejudice. For, if he had made a bad bargain in a purchase of goods, and given his promissory note for the price, and, when he came of age, had agreed to pay the note, he would be bound by this agreement although he might have been ruined by the purchase. Perhaps it may be assumed as a principle, that all simple contracts by infants, which are not founded on an illegal consideration, are strictly not void, but only voidable, and may be made good by ratification. They remain a legal substratum for a future assent, until avoided by the infant; and if, instead of avoiding, he confirm them, when he has a legal capacity to make a contract, they are in all respects like contracts made by adults.
With respect to contracts under seal also, they are in legal force as contracts, until they are avoided by plea. Whether they can, in all cases, as it is clear they can in some, such as leases, be ratified, so as to prevent the operation of a plea of infancy, except by deed *395 need not now be decided. A deed of land, by an infant having the title, would undoubtedly convey a seisin ; and the grantee would hold his title under it, until the infant, or some one under him, should by entry or action avoid it.
Perhaps it cannot be contended, against the current of authorities, that an act done by another for an infant, * which act must necessarily be done by letter of attorney under seal, is not absolutely void; although no satisfactory reason can be assigned for such a position. But as this is a point of strict law, somewhat incongruous with the general rules affecting the contracts of infants, it is not necessary nor reasonable to draw inferences which may be repugnant to the principles of justice, which ought to regulate contracts between man and man.
The object of the law, in disabling infants from binding themselves, is to prevent their being imposed upon and injured by the crafty and designing. This object is in no degree frustrated by giving full operation to their contracts, if, after having revised them at mature age, they shall voluntarily and deliberately ratify and confirm them. It is enough that they may shake off promises, and other contracts, made upon valuable consideration, if they see fit to do it, when called upon to perform them. To give them still another opportunity to retract, after they have been induced, by love of justice, and a sense of reputation, to make valid what was before defective, will be to invite them to break their word and violate their engagements.
If it be true that all simple contracts, made by infants, are only voidable, the inquiry in this casé should be, whether the facts stated furnish an exception to this general rule; or whether the contract now sued is in any sense different from a simple contract.
The only ground for the supposed exception is, that the note declared on was not signed by the infant himself, but by Dutch, claiming authority to sign his name as a copartner. If the authority required a letter of attorney under seal, the exception would be supported by the authorities which have been alluded to.
But it is well known that copartners may, and generally do, undertake to bind each other, without any express authority whatever. Indeed, the authority to do so results from the nature and legal qualities of copartnership. And without any such union of interests, one man may have authority to bind another by note or * bill of exchange, by oral, or even by implied, authority. The case of a deed, therefore, is entirely out of the question ; so that the defendant does not bring himself within the letter of the authorities, and certainly not within the leason *396 on which they are founded. Then, upon principle, what difference can there be between the ratification of a contract made by the infant himself, and one made by another acting under a paroi authority from him ? And why may not the ratification apply to the authority as well as to the contract made under it ?
It may be said that minors may be exposed, if they may delegate power over their property or credit to another. But they will be as much exposed by the power to make such contracts themselves, and more, for the person delegated will generally have more experience in business than the minor. And it is a sufficient security against the danger from both these sources, that infants cannot be prejudiced; for the contracts are in neither case binding, unless, when arrived at legal competency, they voluntarily and deliberately give effect to the contract so made. And in such case justice requires that they should be compelled to perform them.
Upon these principles, we are satisfied with the verdict of the jury, and are confident that no principles of law or justice are opposed by confirming it.

Judgment cn the verdict.

 [Saying he would u endeavor to procure the money,” hardly amounts to an absolute promise to pay; and an infant, on arriving at majority, cannot be made liable, upon a voidable contract made during infancy, only to the extent of the new promise which he makes. — 1 Stark. Ev. 2d Lond. ed. 405, 406, and cases there cited. — Besides, this seems to have been a hard case, on the part of Green, who was not only not liable for the original debt contracted by his partner in business, (Glossop vs. Coleman, 1 Stark. Rep. 26.— Goode vs. Harrison, 5 B. & Ad. 147. — Furlong vs. Bartlett, 21 Pick. 401,) but by presumption of law, and in fact, had received no benefit from it, and surely could not, after coming of age, be bound by the promissory note which his partner gave for it in the name of the firm, without an express promise to pay it. — Ed.]