By the Court,

Beardsley, J.
The plaintiff, (Watrous,) while a minor, performed work and labor for the defendant to the amount of more than seventy dollars. The work was done in part performance of a contract, by -which the defendant agreed to sell and convey to the plaintiff a certain house and lot for six hundred dollars, to be paid in labor and money. Upon this contract the plaintiff did work to the amount stated, but it does not appear that he took possession of the house or lot, or in any manner occupied or used either. On arriving at mature age he abandoned the contract, and brought this action to recover compensation for the work and labor.
It must be admitted that the case of McCoy v. Huffman, (8 Cowen, 84,) is directly in point to show that the plaintiff cannot recover. In that case the infant made a contract for the purchase of land, upon which he paid money and performed labor; but he disaffirmed the contract when he became of age, without having taken possession of the land, and brought his action to recover the money he had paid, and a compensation for his services. The court held, however, that he could not recover: that “ although the executory contracts of an infant are voidable by him at his election, yet if he pay money on a contract made by him, though he avoid the contract on arriving at mature age, he cannot recover the money back.”
If the principle of McCoy v. Huffman is law, it must control the present case. That case was professedly decided on the *112 authority of Holmes v. Blogg, (8 Taunt. 508,) and a dictum of Lord Mansfield, which, in its terms, is quite too general, in my estimation, to he relied upon as a satisfactory authority for any purpose. Chief Justice Savage seems to have regarded the principle of McCoy v. Huffman as “ expressly adjudged” in Holmes v. Blogg; but he certainly overlooked an important fact in which these cases differ. The case of Holmes v. Blogg was this: Holmes, an infant, was a partner with one Taylor, and, in order to carry on their business, they took a lease of certain premises from the defendant Blogg. On the execution of the lease, Holmes paid down one hundred and fifty-seven pounds, and the copartners took possession of the premises demised, which they continued to occupy until Holmes became of age, when he dissolved the copartnership, quit the premises, and brought his action to recover the sum he had paid to his landlord for the lease. And this fact, viz. that the infant had occupied and used the premises for which the money was paid, distinguishes that case from McCoy v. Huffman. Chief Justice Gibbs, in delivering the opinion of the court, said: “ What is the point here? That an infant, having paid money on a valuable consideration, and having partially enjoyed the consideration, seeks to recover it back.” This was indeed the turning point in the cause, and so it was understood by the same court in Corpe v. Overton, (10 Bing. 252.) In that case, Corpe, the plaintiff, while a minor, agreed to enter into partnership with the defendant, and to execute a partnérship deed when he became of age, with the usual covenants. By way of securing the due fulfilment of this agreement, one hundred pounds were paid down by the plaintiff, to be forfeited if he failed to perform. ■ The arrangement was not completed; and the infant rescinded the contract, and brought his action to recover the money paid. On the trial, the jury found that the plaintiff had paid the one hundred pounds on a fraudulent representation, and gave their verdict in his favor for that sum. A motion for a new trial was made on the ground that the finding of fraud was contrary to the evidence; and that, if the transaction was bona fide, the plaintiff could not recover, for *113 which Holmes v. Blogg was cited. Tindal, Ch. J. said: “ I think we may arrive at a right determination of this case with» out impeaching the decision in Holmes v. Blogg, because the facts of the two cases are manifestly distinguishable. In Holmes v. Blogg, the infant had paid 1571. as his share of the consideration for a lease of premises in which he and his part» ner carried on the business of shoe-making. They occupied the premises from March till June, when the infant, coming of age, dissolved the partnership, relinquished the business, and sought to recover back the money he had paid the lessor for his lease.” “ The ground, therefore, of the judgment in Holmes v. Blogg was, that the infant had received something of value for the money he had paid, and that he could not put the defendant in the same position as before. In the present case, the plaintiff has paid to Overton 1001., for.which he has not received the slightest consideration.” “As it is plain, therefore, that the infant had a right to rescind the contract, the only point we have to look to with reference to Holmes v. Blogg is, whether he had derived any intermediate advantage from it. Now the partnership was not to be entered into till January, 1833; and in the meanwhile the infant had derived no advantage whatever from tire contract. The case of Holmes v. Blogg fails on that ground as an authority in point.” The other judges concurred, and expressed themselves to the like effect as to the case of Holmes v. Blogg.
I think I am therefore fully justified in the conclusion that the decision in McCoy v. Huffman is not sustained by the case of Holmes v. Blogg, and that it is in direct conflict with Corpe v. Overton. The latter, it seems to me, is sound in principle, and in harmony with the general rules of law relating to the rights of infants. Where an infant executes a conveyance of his real estate, he may' avoid it on Coming of age, and recover by action what he has thus conveyed. (Bool v. Mix, 17 Wend. 129 to 133; Tucker v. Moreland, 10 Peters, 58.) So where an infant sells his personal property, and delivers it to the purchaser, he may, notwithstanding, avoid the sale, and bring an action for the thing sold. (Roof v. Stafford, 7 Cow- *114 en, 179; S. C., 9 id 626; Fonda v. Van Horne, 15 Wend. 635.) And where work and labor have, been done on a contract, which the infant afterwards avoids, as he has a right tdo, why should he not recover a reasonable compensation for his services? Bosanquet, J., in Corpe v. Overton, said: “It is a general rule, that upon an entire failure of consideration, a party is entitled to recover back money paid, and it cannot be said that in this respect an infant is in a worse situation than others. Here, the infant has derived no benefit whatever from the contract, the consideration of which has wholly failed. It has been urged, indeed, that it failed by the act of the plaintiff himself: but if the law allows him to rescind a contract from rvhich he has derived no benefit, he must be allowed to rescind it to all intents and purposes, and if so, for the purpose of recovering money paid without consideration.”
These views are strictly applicable to the present case, and in my opinion are correct in principle. “If an infant,” says Chancellor Kent, “ pays money on his contract, and enjoys the benefit of it, and then avoids it Avlien he copies of age, he cannot recover back the consideration paid.” (2 Kent’s Comm. 240, 5th ed.; see also Chitly On Cont. 149, 579, and note (1.) 5th Am. ed.; Austen v. Gervas, Hob. 77; Vent v. Osgood, 19 Pick. 572; Moses v. Stevens, 2 id. 332; Thomas v. Dike, 11 Verm. Rep. 273; Baker v. Lovett, 6 Mass. Rep. 78; Willis v. Twambly, 13 id. 204; Roof v. Stafford, 7 Cowen, 179; S. C. 9 id. 626; Fonda v. Van Horne, 15 Wend. 631; Millard v. Hewlett, 19 id. 301; Macpherson On Inf. 488.) But the rule is otherwise where the infant has not derived any benefit from his contract; for then he may avoid it, and recover back what he has paid.
There is one English case, and I know of but one, in conformity with McCoy v. Huffman; and that is Wilson v. Kearse, (Peake’s Add. Cas. 196.) It is thus stated and commented on by Mr. Macpherson, in his valuable treatise on the law relating to infants. “ The plaintiff, being an infant, contracted with the defendant to purchase the good Avill and stock of a public house, and made a deposit. Being afterwards called *115 upon to complete his contract, he refused, and brought an action to recover his deposit. Lord Kenycn is stated to have been of opinion, that though an infant was not compellable to complete a contract, yet, when he had paid money under it, he could not recover it back, unless he could' show that fraud had been practised on him. This case, (unless there had been some enjoyment under the contract,) must be considered as overruled by Corpe v. Overton, in which the court laid down the law quite independently of fraud.” (Macpherson On Inf. 409, note (b).)
The case of McCoy v. Huffman was decided in 1827. It was followed by the superior court of New-Hampshire in 1831; (Weeks v. Leighton, 5 N. Hamp. Rep. 343;) and by the supreme court of Indiana in 1837. (Hearney v. Owen, 4 Blackf. Rep. 337.) If these cases have failed to convince me that they are based on a correct principle, they certainly have led to great caution in coming to an opposite result. 4
In Holmes v. Blogg, it was not shown what had been the value of the use of the premises demised, while the infant remained in possession. If that was less than the sum paid by him, it may well be that he ought to have recovered the difference. When such a question shall arise, the case of Vent v. Osgood, (19 Pick. 572,) will deserve especial consideration.
I think the judgment of the common pleas should be affirmed.
Judgment affirmed.