## HARDY *versus* WATERS.

An infant promisee of a negotiable note may transfer the same by indorsement, and the act of transfer is voidable only by himself, his heir, or personal representative.

And *such promisee* may by parol, authorize another to transfer such note by indorsement for him, and the transfer, so made, is valid, until avoided.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding.

ASSUMPSIT, on a promissory note, payable to a *minor,* who was under guardianship. The note was indorsed to the plaintiff, by a brother of the payee, also a minor, being authorized by the payee to write his name thereon. Since this suit was commenced, the guardian had approved of the transfer to plaintiff.

The defence was, that the note had not been legally negotiated, and therefore the plaintiff could not maintain this action. The Court ruled otherwise, and the plaintiff recovered the amount of the note. Defendant excepted.

*Cutting,* for defendant.

It is not contended that an infant payee may not indorse and transfer a note payable to him or his order, as was decided in *Nightingale* v. *Withington,* 15 Mass. 272. Or make a ratification after becoming of age, as in *Whitney* v. *Dutch,* 14 Mass. 457.

But it is denied that an infant under guardianship has such authority; or having such authority, can delegate to another; or if to another, an infant.

It is settled beyond controversy that an infant cannot delegate authority to an agent or attorney, to transact business or appear in his behalf.

Hardy *v.* Waters.

An infant is also incapable of assuming any power as an agent or attorney. More especially if the infant delegating such power be under guardianship. If a decision adverse to these propositions be pronounced by this Court, it would overturn all the elementary law on this subject.

" The assignment of a promissory note by an attorney in fact of an infant obligor is void, though the infant be present at the assignment." *Semple* v. *Morrison,* 7 Monroe, (Kentucky,) 298, cited in 2 Sup. U. S. Dig. 159.

The consent of the guardian, since the commencement of the suit, cannot affect the rights of the parties as they existed when the suit was instituted. *Ford* v. *Phillips,* 1 Pick. 202; *Thing* v. *Libbey,* 16 Maine, 55.

*Peters,* for plaintiff, cited 15 Mass. before cited; 22 Pick. 540; *Nightingale* v. *Withington,* 15 Mass. 272; 2 Kent's Com. 235; 1 N. H. 73; 10 Peters, 71; 7 Cowen, 179; 1 Met. 559; *Whitney* v. *Dutch & al.* 14 Mass. 457.

SHEPLEY, C. J. — It is admitted, that an infant may transfer a promissory note payable to himself by indorsement. It is denied, that he can confer upon another the power to do it for him, the reason is, that an indorsement by an infant is voidable; while his act conferring power upon another to do it for him is void.

If the act of transfer in this case be voidable only, it is to be regarded as valid until avoided; and it can be avoided only by the infant or his heir or personal representative. If the power to indorse by another was void, it could not be ratified, and the plaintiff could acquire no legal interest in the note; and the approval of the guardian since the commencement of the suit cannot aid him.

In the case of *Whitney* v. *Dutch,* 14 Mass. 457, the right of an infant to empower another, otherwise than by an instrument under seal, to do an act for him, which he might lawfully perform himself, was fully considered. It was admitted, if the Court were confined to the letter of the

,authorities, it must conclude, that the act could not be performed by delegated power.

Considering, that the object of the law was to protect infants from injury, and that this would be fully effected by regarding contracts so entered into as voidable and not void, the Court came to the conclusion, that there could be no difference, upon principle, between the ratification of a contract made by an infant and one made through the intervention of another person acting under parol authority from him.

Changes in the law respecting negotiable paper are undesirable, and should not be made without strong reasons for them. The decision in that State was made, and the rule of law established, while this State composed a part of it. It should not, after it has been so long received as the law, be abrogated merely because other highly respectable Courts have come to a different conclusion, especially when it is not perceived, that it has been, or is likely to be productive of any injustice or mischief. *Exceptions overruled.*

TENNEY, APPLETON and RICE, J. J., concurred.