PATRICK STANTON *vs.* METROPOLITAN RAILROAD COMPANY.

A person cannot legally travel on the Lord's day from one city to another, a distance of several miles, for the purpose of visiting a stranger, if no occasion of necessity or charity is shown for him to pay such visit; and cannot maintain an action against a street railway company to recover damages for a personal injury received by him, while so travelling in one of their cars, in consequence of their negligence.

TORT to recover damages for a personal injury received by the plaintiff while riding as a passenger in one of the street railway cars of the defendants.

At the trial in the superior court, before *Ames*, J., it appeared that the plaintiff resided in Boston; that on Sunday, November 19th, 1865, he went with a friend to Charlestown to collect a debt due to him, and spent the greater part of the day there ·

that late in the afternoon, or early in the evening, he, in company with the same person, and to visit one of that person's friends in Roxbury, took passage in a car of the defendants, and while on the way to Roxbury was injured as described in his declaration.

The defendants objected that it appeared on this evidence that the plaintiff was travelling on the Lord's day, not from necessity or charity, and for that reason was not entitled to maintain this action; and the judge so ruled, and directed a verdict for the defendants. The plaintiff alleged exceptions.

*J. L. Eldridge*, for the plaintiff.

*W. Gaston*, for the defendants, was not called upon.

GRAY, J. This case is clearly distinguishable from that of *Hamilton* v. *Boston*, *ante*, 475. By the statutes of the Commonwealth, whoever on the Lord's day, between midnight and midnight, " does any manner of labor, business or work, except works of necessity and charity," or " travels, except from necessity or charity," is punishable by fine not exceeding ten dollars. Gen. Sts. *c.* 84, §§ 1, 2, 12. It is not and could not be denied that the plaintiff was " travelling," within the meaning of these statutes, at the time of suffering the injury complained of. He was proceeding in a street car drawn by horses from Charlestown entirely across the city of Boston, in which he resided, to Roxbury on the opposite side.

It is equally clear that he was not travelling from necessity or charity. He had left Boston on the morning of the same day, and spent the greater part of the day in Charlestown, for the purpose of collecting a debt. A negotiation between a creditor and his debtor, or any other act done for the purposes of private gain, under no apparent or extraordinary emergency, is neither necessary nor charitable, in any sense. *Ex parte Preston*, 2 Ves. & B. 312. *Phillips* v. *Innes*, 4 Cl. & Fin. 234. *Bennett* v. *Brooks*, 9 Allen, 120. *Jones* v. *Andover*, 10 Allen, 18. His subsequent visit to a friend of his companion, who does not appear to have been any relation or friend of his own, was equally unnecessary, upon the most liberal construction of the statute. *Pearce* v. *Atwood*, 13 Mass. 351. *Flagg* v. *Millbury* 4 Cush. 244. *Logan* v. *Mathews*, 6 Penn. State R. 417.

Being engaged in a violation of law, without which he would not have received the injury sued for, the plaintiff cannot obtain redress in a court of justice. *Way* v. *Foster*, 1 Allen, 408. *Hamilton* v. *Boston, ante,* 477. The opposite view, approved by the supreme court of Pennsylvania in *Mohney* v. *Cook,* 26 Penn. State R. 342, and by Mr. Justice Grier in *Philadelphia &c. Railroad* v. *Philadelphia &c. Towboat Co.* 23 How. 218, is inconsistent with the established law of the Commonwealth.

The defendants may have been justified in running their cars for the purpose of transporting passengers to and from public worship or for other necessary or charitable objects. But the fact that the defendants were acting lawfully would not protect the plaintiff in unlawful travelling, or increase his right to maintain an action against them. *Commonwealth* v. *Knox,* 6 Mass. 78. *Myers* v. *State,* 1 Conn. 502. *Scully* v. *Commonwealth,* 35 Penn. State R. 511. *Exceptions overruled.*