### AT THE

## OCTOBER SESSION 1872, IN BOSTON.

PRESENT:

HON. REUBEN A. CHAPMAN, CHIEF JUSTICE.
HON. HORACE GRAY, JR.,
HON. JOHN WELLS,
HON. JAMES D. COLT, } JUSTICES.
HON. SETH AMES,

---

## NORFOLK COUNTY.

### WILLIAM H. BRADFORD *vs.* WASHINGTON M. FRENCH.

The demand which the Gen. Sts. *c.* 123, §§ 62, 63, provide for a mortgagee's making upon an officer attaching the mortgaged property on a writ against the mortgagor, may be made by an infant mortgagee.

REPLEVIN of goods by an infant, by his next friend, against a deputy sheriff. At the trial in the Superior Court, before *Putnam*, J., without a jury, it appeared that the goods replevied were the property of Lewis E. Bradford; that he mortgaged them to the plaintiff; that they were attached by the defendant on a writ against Lewis E. Bradford; and that the plaintiff made a demand for them on the defendant under the Gen. Sts. *c.* 123,

§§ 62, 63. The defendant contended that the demand was in-valid because made by an infant, but the judge ruled that it was sufficient, and found for the plaintiff; the defendant alleged exceptions.

*A. C. Clark*, for the defendant.

*E. C. Bumpus*, for the plaintiff.

GRAY, J. It is not doubted that an infant may take a mort-gage of personal property, and the single question presented by these exceptions is, whether he can make a demand, under the Gen. Sts. *c.* 123, §§ 62, 63, upon an officer attaching the property on a writ against the mortgagor.

The limits of the legal capacity of infants to act in their own behalf have been established by the law for their protection, not to defeat the enforcement of their rights. Contracts made and acts done by an infant, which are necessarily beneficial to him, are valid; and those which may or may not be beneficial to him may be avoided or ratified by him at his election on coming of age, but cannot be avoided by any one else. Lord Mansfield, in *Buckinghamshire* v. *Drury*, 1 Eden, 39, 60, 72, 73 ; Wilmot, 177, 226 note; *S. C.* 3 Bro. P. C. (2d ed.) 492. *Maddon* v. *White*, 2 T. R. 159, 161. *Halliburton* v. *Leslie*, 2 Hogan, 252. *Lums-den's Case*, L. R. 4 Ch. 31. 2 Kent Com. (6th ed.) 236, 242, 243. The latter class includes promissory notes made by him, whether for a consideration received by him exclusively, or for the benefit of a third person also. *Whitney* v. *Dutch*, 14 Mass. 457. *Reed* v. *Batchelder*, 1 Met. 559. *Kennedy* v. *Doyle*, 10 Allen, 161. Sales of chattels by or to an infant may be avoided by him, even during minority. *Stafford* v. *Roof*, 9 Cowen, 626. *Shipman* v. *Horton*, 17 Conn. 481. *Edgerton* v. *Wolf*, 6 Gray, 453. *Chandler* v. *Simmons*, 97 Mass. 508, 511. Anything which an infant is required to do by law binds him, although done without suit. Co. Lit. 38 *a*, 172 *a*. Parsons, C. J., in *Baker* v. *Lovett*, 6 Mass. 78, 80. " Also other things of necessity shall bind him, as a presentation to a benefice, for otherwise the lapse shall enure against him." Co. Lit. 172 *a*.

The rule laid down by Chief Justice Wilmot in *Buckingham-shire* v. *Drury*, Wilmot, 177, 194, and approved and acted on by

this court in *McCall* v. *Parker*, 13 Met. 372, 381, for determining whether infants shall be excepted by implication out of a statute expressed in general words, is, that " where the words of a law, in their common and ordinary signification, are sufficient to include infants, the virtual exception must be drawn from the intention of the Legislature, manifested by other parts of the law; from the general purpose and design of the law; and from the subject matter of it." Under the application of that rule, it was held in *McCall* v. *Parker*, that a bond given by an infant under the bastardy act bound him and his sureties. It had previously been held, under the statute declaring that in all actions the party prevailing should recover his costs, that an infant plaintiff was liable to costs. *Smith* v. *Floyd*, 1 Pick. 275. *Anthony* v. *Slaid*, 11 Met. 290. In *Blood* v. *Harrington*, 8 Pick. 552, an infant in his own name brought an action of replevin and gave the replevin bond; the defendant pleaded in abatement the infancy of the plaintiff, who thereupon had leave to amend by inserting in the writ that he sued by a next friend; after verdict for the plaintiff, the defendant moved in arrest of judgment that the replevin bond was insufficient, because the principal was a minor; but the court held that the amendment removed the objection to the writ, and, without regarding the other objection, gave judgment for the plaintiff.

The Gen. Sts. *c.* 123, §§ 62, 63, authorize mortgaged personal property to be attached and held upon a writ against the mortgagor, only upon the condition that the attaching creditor pay or tender to the mortgagee the amount for which it is liable under the mortgage, within ten days after a demand thereof by him in writing upon the attaching creditor or officer, stating a true account thereof, and that, failing such payment or tender, the attachment shall be dissolved and the property restored to the mortgagee. In order to entitle the mortgagee to claim the property against the attaching officer, the demand must be made within a reasonable time after the attachment. *Johnson* v. *Sumner*, 1 Met. 172. *Tapley* v. *Butterfield*, Ib. 515.

The statute in terms applies to " every mortgagee;" the demand is clearly for his benefit, and necessary for the protection of

his rights; it imposes no obligation on him, unless he demands and receives more than is due, in which case he is liable, under § 64, for the excess, with interest at the rate of twelve per cent.; and the attaching creditor can avoid the risk of judging for himself of the validity of the mortgage, and of paying or refusing the amount demanded, by summoning in the mortgagee as trustee of the mortgagor, and having a guardian appointed for the mortgagee, if an infant, and the validity of the mortgage and the amount due thereon ascertained by the court, under §§ 67–69.

A father or mother, as guardian by nature, has no right to demand possession of personal property of the infant.    2 Kent Com. 219.    And a next friend, being in theory of law appointed by the court merely to conduct a suit, cannot act before suit brought. *Miles* v. *Boyden*, 3 Pick. 213, 219.    *Guild* v. *Cranston*, 8 Cush. 506.    If therefore an infant mortgagee cannot himself make the statute demand, the necessary result would be to oblige him to have a guardian appointed by the probate court whenever property mortgaged to him is attached on a writ against the mortgagor.    We cannot believe that such was the intention of the Legislature.    The more reasonable conclusion is that infant mortgagees are not to be excepted by implication out of the general words of the statute.

The case of *Miles* v. *Boyden*, 3 Pick. 213, which is the only authority cited for the defendant, cannot govern this, for several reasons.    That was an action for a legacy, which the executors could not by law safely pay either to the infant or to his father. The statute authorizing any person having a legacy to sue for and recover the same at common law contained no provision about a demand.    St. 1783, *c.* 24, § 17.    The right to bring such an action was not limited to a reasonable time, or to any short period, if indeed it came within any statute of limitations.    St. 1788, *c.* 66, § 5.    Angell on Lim. (3d ed.) §§ 90, 170, 172.    The only demand in that case was made by the father of the infant, so that no question arose of the validity of a demand made by the infant himself.    So much of the opinion of Mr. Justice Putnam as declared any demand to be necessary before suing for a legacy to an infant was wholly *obiter dictum;* for the case was

decided in favor of the plaintiff, upon the ground that the right to object to the want of any such demand had been waived by the defendant, and that the father, having been admitted by the court to prosecute for the infant, might discharge the judgment, and it would bar any future action for the legacy. And it is unnecessary to consider whether it might not with reason be held that, in the absence of any waiver, the want of a previous demand of a legacy to an infant would not prevent a recovery, when the judgment would protect the defendant. See *Smell* v. *Dee*, 2 Salk. 415 ; *Morrell* v. *Dickey*, 1 Johns. Ch. 153.

*Exceptions overruled.*