EUCLID OWEN *vs.* JOHN LONG & others.

The contract entered into by an infant in signing a promissory note as a surety for the maker is not necessarily void, if it may be beneficial to him; and if, after becoming of full age, knowing that his infancy is a defence, he promises to pay the note, he is liable upon it.

CONTRACT upon a negotiable promissory note for $190, dated August 21, 1872, and signed by the defendant Gammon, as principal, and by the other defendants as sureties. The writ was dated February 20, 1873.

At the trial in the Superior Court, before *Allen,* J., Long relied upon the defence, that, at the time he signed the note, he was a minor, and contended that he became twenty-one years of age February 11, 1873. The plaintiff testified, against Long's objection, that, two or three days before the commencement of the action, he had a conversation with Long which tended to show that he, Long, at that time promised to pay the note.

The defendant Long was a witness, and upon cross-examination testified that, at the time he signed the note, he expected that Gammon would, if he got the money, pay him for services for which he was then owing him ; that on the same or the next day Gammon did pay him $40, which he supposed was a part of

the money lent by the plaintiff to Gammon, although he did not know that it was.

The defendant Long requested the court to instruct the jury that a minor cannot make a contract binding himself as a surety for another ; that if he was a minor at the time he signed this note, the note as against him was void, and the action could not be maintained; and that the note could not be made valid by any promise to pay it made after his coming of age. The court declined so to instruct the jury, but instructed them that if Long was a minor at the time he signed the note, it would be a good defence, unless, after he became of age, he made a direct promise to pay it; that if, after arriving at full age, and knowing that he had the defence of minority to the note, he promised to pay it, he was liable, although he was a minor when he signed it.

The jury returned a verdict against all the defendants, and the defendant Long excepted.

*A. De Wolf,* for the defendant Long.

*C. C. Conant,* for the plaintiff.

GRAY, C. J. It cannot be held as matter of law that to sign a promissory note as surety is necessarily not beneficial to an infant. It may or may not be beneficial to him, according to the actual circumstances of the transaction ; and, at the trial of this case, there was some evidence that the defendant at the time of signing the note in suit expected to receive, and did afterwards actually receive, some benefit from so doing. As his contract might be beneficial to him, it was not absolutely void, but only voidable, and would be made binding on him by a direct promise to pay the note, after coming of age, and knowing that he had a defence to it by reason of his infancy. *Whitney* v. *Dutch,* 14 Mass. 457. *Reed* v. *Batchelder,* 1 Met. 559. *Peirce* v. *Tobey,* 5 Met. 168. *Bradford* v. *French,* 110 Mass. 365. *Harris* v. *Wall,* 1 Exch. 122. *Curtin* v. *Patton,* 11 S. & R. 305. *Hinely* v. *Margaritz* 3 Penn. State, 428. *Exceptions overruled.*