McIlvaine, J.
The question made is, was the undertaking sued on absolutely, void, or only voidable. If void, it was not subject to ratification ; if voidable merely, it may be enforced after ratification.
Having considered this question upon principle, as well :as upon authority, we are constrained to hold that the undertaking was voidable only, and that after ratification it became a valid and binding engagement.
In disposing of this case, we make no note of those principles which control cases where an infant, by reason of immaturity and natural incapacity, is, in fact, unable to assent to the terms of an alleged contract. When this undertaking was executed it contained every element of a valid contract, save only, that the party was under twenty-one years of age.
Except for necessaries, the law grants to infants immunity from liability on their contracts. This immunity is intended for their protection against imposition and imprudence, and is continued after majority as a mere per■sonal privilege. This privilege of immunity, after majority, is not given because of the actual or supposed incapacity of an infant to enter into contracts intelligently and prudently. If actual incapacity existed, the privilege of infancy would not be needed for the purpose of defense. And it is contrary to our knowledge of human nature, that *74 all infants are incapable of intelligently and prudently entering into engagements and assuming burdens. It is a, matter of favor intended as a shield and compensation for the want of that greater wisdom and prudence which time and experience usually teach.
But, whatever may have been the natural capacity of the' infant, whenever he arrives at majority, a time fixed by an arbitrary rule which, in the nature of things, can not affect the personal capabilities of its subject, the law presumes that he has acquired all the wisdom and prudence necessary for the proper management of his affairs; hence, the law imposes opon him full responsibility for all his acts and contracts.
In this new relation, it becomes his moral duty, and for its discharge he is invested with legal capacity, to affirm and perform, or to disavow, at his election, all his previous contracts of imperfect obligation. Contracts for necessaries are of perfect obligation, and, therefore, he can not disaffirm them. Contracts- founded on illegal considerations are of no obligation, and, therefore, may not be affirmed.
The appointment of an agent or attorney to make contracts is, perhaps, inconsistent and repugnant to the privilege of infancy, for the reason, among others that might bo named, that it is imparting a power which the principal does not possess; that of performing valid acts. But, outside of these exceptions, which are based on special grounds,, we see no reason why the power should be denied, to ratify any contract which, as an adult, he might originally make. The power of disaffirmance being coextensive, it is all that is needed for his protection.
If, in the case before us, the ratification had been made by payment, instead of a promise to pay, its binding effect would not be doubted. Why, therefore, should not the promise to pay be binding also ? There is no question about.consideration. The consideration which supported the original promise is sufficient to support the ratifying *75 promise. The only contention here is, that the original promise was void by reason of infancy, not for want of consideration. If, therefore, actual performance by payment would have been binding, so should the promise to perform ; and this, too, without regard to the fact whether or not the infantile contract was beneficial or prejudicial. The-principles of jurisprudence are not violated by the performance of a contract prejudicial to the party. Indeed, a person, sui juris, is as strongly obligated by his contracts prejudicial as by those beneficial to himself; and the same principle should apply where a person, sui juris, ratifies and confirms his contract of infancy.
The plaintiff in error, however, relies chiefly on the authority of decided cases, and claims the settled law to be that all contracts of an infant prejudicial to him are absolutely void, and that a contract of suretyship is of that class.
In Swan’s late treatise, among contracts of infants which have been decided to be void, is mentioned that of surety-ship, 'but the author, in speaking of the state of the authorities, pithily and truthfully remarks, “ What contracts of an infant are void, and what are merely voidable, nobody knows.”
Keanes v. Bagcott, 2 H. Black. 511, decided in 1795, appears to be a leading case. The contract of an infant was. held in that case to be voidable only, but in the opinion of C. J. Eyre a rule was-stated, wherein certain of such contracts are said to be void. The rule was thus stated : “ When the court can pronounce the contract to be for the benefit of the infant, as for necessaries, it is good ; when to his prejudice, it is void; and where the contract is of an uncertain nature as to benefit or prejudice, it is voidable only at the election of the infant.” This rule, modified so as to declare that a contract necessarily prejudicial to the infant is void, has been adopted in many later cases, both in England and in this country. But the current of more recent decisions repudiates the distinction between void and voidable contracts, on account of their beneficial or *76 prejudicial nature, and holds them all to be voidable merely ; and the more recent decisions of courts still adhering to the distinction, hold some contracts voidable only, which were before held to be void. Thus, in Owen v. Long, 112 Mass. 403, a surety contract was held to be voidable ■only, for the reason that such contract, as matter of law, ■can not be said to be necessarily prejudicial to the surety. Also an account stated is held to be voidable only. Williams v. Moor, 11 M. & W. 255. Also a conveyance by lease ■and release. Touch v. Parsons, 3 Barrows, 1794.
The following cases are to the effect that an infant’s contract of suretyship is merely voidable, and may be ratified. They also show, with more or less force and directness, that the distinction between void and voidable contracts ■of infants, on the ground of benefit or prejudice, is not sound. Curtin v. Patton, 11 Serg. & R. 305; Hinely v. Marganitz, 3 Barr, 428; Gotchin v. Cromach, 13 Ver. 330; Vaughn v. Darr, 20 Ark. 600; Shropshire v. Burns, 46 Ala. 108; Williams v. Moore, 11 M. & W. 256; Fetrow v. Wiseman, 40 Ind. 148; Fonda v. Van Horne, 15 Wend. 631; Scott v. Buchanan, 2 Humph. 468; Cole v. Pennoyer, 14 Ill. 158; Cummings v. Powell, 8 Texas, 80; 1 J. J. Marshall, 236; Mustard, v. Wohlford’s Heirs, 15 Grattan, 329.
In Massachusetts, where the doctrine was approved that the acts of an infant are void, which not only apparently but necessarily operate to his prejudice (Oliver v. Clop, 13 Mass. 237), it was afterward said by Chief Justice Parker, in Whitney v. Dutch, 14 Mass. 457 : “ Perhaps it may be assumed as a principle that all simple contracts by infants, which are not founded on an illegal consideration, are strictly not void, but only voidable, and may be made good by ratification. They remain a legal substratum, for a future assent, until avoided by the infant; and if, instead of avoiding, he confirm them, when he has legal capacity to make a contract, they are, in all respects, like contracts made by adults.” And in 1840 (Reed v. Batchelder, 1 Met. 559), Chief Justice Shaw said: “The question, what acts of an infant are voidable and what void, is not very definitely *77 setted by the authorities; but, in general, it may be said" that the tendency of modern decisions is to consider them as voidable, and thus leave the infant to affirm or disaffirm them when he comes of age, as his own views of his interest may lead him to elect.”
So that, Mr. Parsons, in his work on contracts, Yol. I., p.. 294, 6th ed., says : “ The better opinion, however, as may be gathered from the latter cases, cited in our notes, seems, to be that an infant’s contracts are, none of them, or nearly none, absolutely void ; that is, so far void that he can not, ratify them after he arrives at the age of legal majority.”
In 1 American Leading Cases, 5th ed., p. 300, it is said: “ The numerous decisions which have been had in this, country justify the settlement of the following definite rule as one that is subject to no exceptions. The only contract binding on an infant is the implied contract for necessaries. The only act which he is under a legal disability to perform is the appointment of an attorney. All other acts, and contracts, executed or executory, are voidable or confirmable by him at his election,” on arriving at majority. This rule has been quoted and approved in 14 111. 158, and 15 Grat. 329, and we think it embodies the better reason.”
In the light of principle, therefore, as well as by the-weight of the later authorities, the whole question should be thus resolved : The privilege of infancy is accorded for the protection of the infant from injury, resulting from imposition by others or his own indiscretion. That object is-fully accomplished by conferring on him the power to avoid his contracts, or, in other words, by giving him immunity from liability until such contracts are ratified by himself after arriving at full age. And, again, that an adult, laboring under no disability, may perform his unexecuted contracts of infancy, whether they be beneficial or prejudicial to him, and that he will be bound by such performance, we-think, is a proposition too plain to be doubted. If, therefore, with full knowledge of the facts, he ratifies and affirms them, being moved thereto by his own sense of right: *78 and duty, he should, in law, as in morals, be bound to their performance.

Motion overruled.