McCauley, J.
The contracts of an infant generally are not void, but only voidable. Harner v. Dipple, 31 Ohio St., 72; Owen v. Long, 112 Mass., 403; Fetrow v. Wiseman, 40 Ind., 148; Whitney v. Dutch, 14 Mass., 457. There is nothing in the case to show that the note set forth in the petition is such as should be held to be void. It is conceded that the contract is one that might be ratified by the minor after his majority, and that the part payment of the note and the promise alleged in the petition amount to a ratification, unless it was necessary that the defendant when he made the payment and promise, knew that his infancy when the note was given, was a defense in law to an action on the note.
Counsel for defendant in error refer to Hinely v. Margaritz, 3 Pa. St., 428 ; Curtin v. Patton, 11 S. & R., 311; Reid v. Boshears, 4 Sneed, 118; Norris v. Vance, 3 Rich., 168; Owen v. Long, 112 Mass., 428; Fetrow v. Wiseman, 40 Ind., 168; Harmer v. Killing, 5 Esp., 102; and many other cases in which it is claimed this knowledge has been held to be necessary to a ratification. An examination of all these cases and many others in which the rule as claimed, is in some way recognized, shows that in one case only, that of Hinely v. Margaritz, has the rule been held. In no one of *329 a great number of cases in which it is stated as the law, or in some way referred to, was the rule involved or in any way pertinent to the case. The necessity of such knowledge’has been stated as the law, in numerous text books, as an exception to the rule that a promise to perform a contract made with knowledge of the facts which make a defense waives the defense. As in Rindskopf v. Werley, 28 Ohio St., 516; Bank v. Colcord, 15 N. H., 119; Fowler v. Brooks, 13 Id., 240. But no one of those thus stating the rule has attempted to give any reason why this knowledge should be necessary to affirm a contract made in minority, when it is conceded not to be necessary to waive a defense in any other case.
In many, or all of the cases above referred to, it is stated that a ratification made with knowledge that minority was a defense, was complete and binding. If a promise without this knowledge was sufficient, the knowledge superadded would not detract from the affirmance. But in Morse v. Wheeler, 4 Allen, 570, and Taft v. Sergeant, 18 Barb., 320, the-necessity of such knowledge was directly involved and in both cases it was held that a contract could be affirmed by a promise to pay after majority, whether it was known or not that minority was a defense. We assent to the rule stated in these cases, that a ratification after majority is a waiver of a purely personal privilege, and that the general rule, that a new promise made with knowledge of the facts which make a defense, waives the defense, is quite as applicable to a case of this kind as to any other.

Judgment reversed.