KENDRICK ET AL. v. NEISZ ET AL.

1. CONTRACTS OF INFANTS—RATIFICATION.—The contracts of an infant when not intrinsically illegal, are voidable, not void ; hence, such contracts are capable of ratification by him upon arriving at maturity.

2. REQUIREMENTS OF A LEGAL RATIFICATION.—A marked distinction exists between the ratification of executed and executory contracts. When the contract remains in part unexecuted, a mere acknowledgment of the debt or payment of interest on part of the principal by the infant after becoming of age, is not a binding legal affirmance. No new consideration is required, but where language is relied on to show ratification, while it may be either oral or written, and while it need follow no particular form, it must be voluntarily and understandingly used, and must indicate an intention to pay the debt.

3. CONDITIONAL PROMISE—BURDEN OF PROOF.—A conditional promise by the infant, after reaching maturity, to pay the debt *when able* is not binding upon him unless the proof thereof be supplemented by proof of his ability to pay. The burden of showing such ability, by some evidence relating to his property or income, devolves upon plaintiff.

*Appeal from District Court of Arapahoe County.*

Mr. M. B. CARPENTER, for appellants.

Messrs. SAMPSON & MILLET, for appellees.

MR. JUSTICE HELM delivered the opinion of the court.

In 1882 appellant was engaged in mercantile business with his brother under the partnership name of C. A. Kendrick & Co. The firm having purchased of appellees upon a credit certain goods, on March 1st of the year mentioned appellant executed to appellees in the firm name a promissory note for the sum of $266.89. The note remaining unpaid for several years after maturity, the present action was finally instituted thereon.

Neither the execution nor the non-payment of the note was denied. No answer was filed by appellant's brother, and the only defense by appellant was that of infancy. To his plea of infancy appellees replied, averring a ratification by appellant after becoming of age. Upon trial in the court below a verdict and judgment were rendered sustaining the plea of ratification.

The principal question in the case is that of ratification thus presented by the pleadings and proofs. The note was given by appellant for goods used in the partnership business, not for necessaries.

The strong preponderance of authority now sustains the proposition that with very few, if any, exceptions, the contracts of an infant when not intrinsically illegal are voidable, not void; and hence are capable of ratification by him upon arriving at maturity. A marked distinction exists between

the affirmance of executed and executory contracts made during infancy. But as the contract under consideration is at least in part executory, we are now only concerned with the affirmance of unexecuted contracts, and to these alone will our remarks apply.

Payment of interest or payment of part of the principal after reaching maturity does not constitute a legal affirmance. Discord exists among the cases as to whether acts alone or acts coupled with an acknowledgment of the debt are sufficient. But the authorities harmonize upon the proposition that when language is relied on to show ratification, while it may be either oral or written and while it need follow no particular form, it must be voluntarily and understandingly used and must indicate an intention to pay the debt; a mere acknowledgment thereof by the infant after becoming of age will not bind him. No new consideration is required, but the declaration or admission should amount in legal effect to a new promise. And its sufficiency frequently depends upon the character of the original transaction as well as upon the particular words employed. *Whitney v. Dutch*, 14 Mass. 457; *Hastings v. Dollarhide*, 24 Cal. 195; *Fetrow v. Wiseman*, 40 Ind. 148; *Catlin v. Haddox*, 49 Conn. 492; *Thompson v. Lay*, 4 Pick. 47; Tyler on Infancy & Coverture, sec. 40; Bishop on Contracts, sec. 943.

Touching the question of ratification in the case at bar, we have the testimony of two witnesses, viz., appellant and Benjamin F. Neisz, one of appellees. Neisz testifies substantially as follows: That before the commencement of the action he had two conversations with appellant, in one of which appellant after admitting the debt and expressing the pleasure it would give him to pay, said that he would do so just as soon as he could. In the other conversation Neisz states that appellant said that he could not pay the note just then, but that he would try to pay it, or at least a part of it, by the following January. Appellant flatly contradicts Neisz and denies making these or any other similar statements or admissions.

The foregoing testimony, together with all the other evi-

dence, went to the jury under a proper instruction, and we would not be justified in setting aside the verdict for want of the alleged ratification. The jury must have accepted the testimony of Neisz as true, and we cannot say that the intent of appellant to confirm the original promise was not thus sufficiently shown. *Whitney v. Dutch, supra.*

But a second and more serious objection to the proceedings below is urged on behalf of appellant. It is claimed that appellant's alleged promises as sworn by Neisz are conditional, not absolute. And since appellees failed to prove the happening of the condition they cannot recover. Speaking of promises relied on to show ratification under such circumstances, Mr. Justice Cowan employs the following language: " The promise, however, should either be absolute, or if conditional, the performance or happening of the condition should be proved affirmatively by the plaintiff." *Everson v. Carpenter*, 17 Wend. 419. And a promise to pay " as quick as he could " accompanied by a payment of $20.87½ was held insufficient to sustain a recovery, there being no proof of ability to pay. " So an engagement or promise to pay when able is a conditional promise, and the plaintiff to avail himself of it must give in evidence the ability of the defendant." *Thompson v. Lay, supra; Chandler v. Glovers, Adm'r*, 32 Pa. St. 509; *Cole v. Saxby*, 3 Esp. 159; Bishop on Contracts, sec. 943; 1 Parsons on Contracts (6th ed.), 324.

The exact language of Neisz is that appellant first stated " that he would pay it (the note) just as soon as he could," while in the second conversation " he said he would try to pay the note or at least a part of it by the first of January coming." It cannot be said that either of these declarations constituted an absolute promise to pay. The second really amounted to no more than the first. A promise to *try* to pay by a given date is certainly no stronger than a promise to pay by that date if able. Both of the promises relied on were conditioned upon appellant's ability to pay. It clearly devolved upon appellees under the authorities cited, to offer some proof showing or tending to show appellant's ability

to pay on the first of January or at some period thereafter, and before the commencement of suit.

Slight proof in relation to defendant's property or income would have been sufficient to take this question to the jury, and in the absence of contradictory evidence to sustain a recovery. But the record before us will be searched in vain for a single word bearing upon the subject. No question was asked nor was any answer given that tended in the remotest degree to show appellant's financial condition. There being an entire absence of proof upon this material matter, we are in duty bound to set aside the verdict.

The charge as a whole was extremely favorable to appellant. The only defect we discover therein related to interest after maturity of the note. But since appellees, before the entry of judgment, under direction of the court remitted the excess thus computed by the jury, this objection was obviated.

For the error above mentioned the judgment is reversed and the cause will be remanded for a new trial. The costs heretofore incurred including those connected with this appeal will, however, abide the event of the suit.

*Reversed.*

ELLIOTT, J., not sitting.