No. 12,266.

SIPES *v.* SIPES ET AL.

(287 Pac. 284)

Decided April 21, 1930.

Messrs. PELTON & CHUTKOW, for plaintiff in error.

No appearance for defendants in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE trial court sustained the defendants' demurrers to an amended complaint of Bessie Sipes, and, the plaintiff having elected to stand upon her complaint, dismissed the suit. The plaintiff seeks a reversal of the judgment.

Daisy W. Sipes was the holder and owner of a promissory note signed by the plaintiff and another person. The note was secured by a deed of trust of certain land owned by the plaintiff. Daisy W. Sipes died, leaving as her heirs at law the defendants, L. E. Sipes, Ruby Shade, Verl Sipes, Burdell Sipes, Daphne Lucille Sipes and Mary Elizabeth Sipes. The plaintiff sued the defendant L. E. Sipes individually and as heir at law and the others as heirs at law. The amended complaint alleges that they are the owners of the promissory note; that "it was agreed by and between the plaintiff and the defendant L. E. Sipes, who represented to this plaintiff that he was authorized to act for the defendants and each of them and that he was the father and natural guardian of the minor defendants and that whatever he agreed to in the premises would be accepted by them," that the plaintiff should convey the land to the defendants, and that the defendants should return to the plaintiff the promissory

note, marked "paid," and the deed of trust, which the defendants should have released of record. It is alleged that, as part of the transaction and as part consideration, it was agreed by and between the plaintiff "and the defendants, through their agent duly authorized as above set forth, L. E. Sipes," that the plaintiff should pay to the defendant L. E. Sipes for the benefit of all the defendants, certain rents, after having deducted therefrom and paid taxes, interest on a first mortgage, and insurance; that, in accordance with the terms of the agreement, the plaintiff paid out of the rents the taxes, interest and insurance, leaving in her hands a balance of $54.09, which, together with a deed to the land, she tendered to the defendants, "through their duly authorized agent, L. E. Sipes"; that after the making of the contract the defendant L. E. Sipes was appointed the administrator of the estate of Daisy W. Sipes, deceased; that "as such administrator and as the representative of the estate * * * and the heirs of the said estate," the defendant L. E. Sipes ratified, confirmed and accepted the contract theretofore made, and as such administrator and the duly authorized agent of the said estate and "representative of the heirs of Daisy W. Sipes, deceased," he accepted the benefits thus far advanced by the plaintiff in the performance of the terms of the contract, and has not returned or offered to return the same. It is alleged that the defendants Verl Sipes and Burdell Sipes are minors. It also is alleged that the plaintiff has been informed and advised by attorneys representing said L. E. Sipes, administrator of the estate of Daisy W. Sipes, deceased, that the said L. E. Sipes as administrator would not perform the contract and agreement which he entered into before his appointment as such administrator, and that he was in nowise authorized as an heir at law of Daisy W. Sipes, deceased, to represent the other heirs of Daisy W. Sipes, deceased, in making the contract. It is alleged that by reason of the wrongful conduct and the breach of the contract by the said L. E. Sipes, said plaintiff has

been damaged in the sum of $5,000. The prayer is for specific performance if it be found that the defendant L. E. Sipes was authorized to act for all of the defendants; otherwise for a judgment for damages against the defendant L. E. Sipes.

A demurrer for insufficient facts was filed on behalf of the defendants Verl Sipes, Burdell Sipes, Daphne Lucille Sipes and Mary Elizabeth Sipes. The demurrer was sustained.

The defendants L. E. Sipes and Ruby Shade moved for judgment on the amended complaint. This was treated as a general demurrer and sustained as such.

1. In support of the demurrers, it was urged below that the amended complaint does not allege by what authority the defendant L. E. Sipes acted in attempting to make the agreement on behalf of the demurring defendants. To withstand a general demurrer, it was not necessary for the plaintiff to plead the manner in which authority was conferred upon the defendant L. E. Sipes to act as agent for the other defendants.

2. We believe that out of the confused averments of the complaint there can be spelled an allegation that the contract was made by the plaintiff and all of the defendants, L. E. Sipes acting for himself, and the other defendants acting through him as their duly authorized agent.

3. The complaint alleges that the defendants Verl Sipes and Burdell Sipes are minors. The contract was not void, but was capable of being affirmed by the minors upon reaching their majority. *Kendrick v. Neisz*, 17 Colo. 506, 30 Pac. 245. In that case we said: "A marked distinction exists between the affirmance of executed and executory contracts made during infancy." In 14 R. C. L., pages 223-25, the law is stated thus: "In short, the modern doctrine is to the effect that, except as to a narrowly limited class of contracts which are valid and binding upon him, an infant's contracts are voidable, but not void. This general rule applies as well to exe-

cuted as to executory contracts; but the term 'voidable' has a somewhat different meaning as applied to the executory contracts from that in which it is applied to the executed contracts of an infant. In the latter case, the contract is binding until it is avoided by some act indicating that the party refuses longer to be bound by it. In the former case, it is meant merely that the contract is capable of being confirmed or avoided, though it is invalid until it has been ratified.'' Substituting for ''though it is invalid until it has been ratified'' the words ''though it is not binding until it has been affirmed,'' we adopt this as a statement of the law in this jurisdiction.

. The contract in question is an executory contract. The amended complaint does not allege affirmance by the minors upon reaching their majority. Indeed, as they appeared by their next friend, it is evident that they have not reached their majority. The demurrer filed on behalf of the minors was properly sustained.

 4. The contract alleged in the amended complaint is not a joint and several contract, but a joint contract; the liability was joint, not joint and several. If not enforceable as to all of the defendants, the contract is not enforceable as to any of them. We have seen that the complaint fails to show that the contract is enforceable against the minor defendants; hence the demurrer filed by the other defendants as heirs at law was properly sustained.

 5. Counsel for the plaintiff contend that the amended complaint states a cause of action against the defendant L. E. Sipes personally. As none of the defendants made any objection on the ground of misjoinder of causes of action, or to the amendment upon which the plaintiff founds her claim, we will consider the contention. In *Charles v. Eshleman,* 5 Colo. 107, 113, we quoted with approval the following statement in Story on Agency, section 264: ''Whenever a party undertakes to do any act as the agent of another, if he does not possess any authority from the principal therefor, or if he ex-

ceeds the authority delegated to him, he will be personally responsible to the person with whom he is dealing on account of his principal.''

The amended complaint alleges that when L. E. Sipes made the contract he represented that he was authorized to act for the defendants and each of them. That means that he represented that he had competent authority so to act. He assumed to possess lawful authority to bind the defendants. 21 R. C. L., p. 915. As we have seen, he had no lawful authority to bind the minors. If, however, the plaintiff knew that they were minors, she is held to a knowledge of the law with reference to their incapacity. There is no allegation in the amended complaint that at the time of making the contract she did not know that some of the defendants were minors. In our opinion, the amended complaint, because of such omission, is insufficient.

The judgment dismissing the suit was right. It is affirmed.

Mr. Chief Justice Whitford, Mr. Justice Moore and Mr. Justice Burke concur.