Rowe, J.
The plaintiff, a minor, by her next friend, brings this action of tort against the defendant to recover for assault and battery upon her. The trial judge found for the plaintiff. The report states:—
*48 “The defendant denied sueh assault and offered in evidence a sealed instrument ■ signed by the plaintiff releasing the defendant from all claims and demands and further the record (in the criminal case against the defendant for this assault and battery) wherein it appeared that the complainant had caused this complaint to be made against the defendant, that the defendant had pleaded not guilty, that there was a full and complete trial and that after the defendant testifield an acknowledgment of satisfaction was obtained from the complainant and filed in court. The court record in said case was as follows: charge, assault and battery; plea, not guilty; restitution satisfactory to the probation officer; dismissed, with the consent of the defendant.
The only two requests now material are defendant’s requests six and nine, reading as follows:—
“6. That where a plaintiff, a minor, signs a release of all claims and demands, such release when properly pleaded and proved is a bar to an action brought by the father as next friend of the minor for the same cause of action released by the minor.
“9. That the provisions of G. L. c. 276, §56 is a bar to these proceedings in view of exhibit 2 (criminal complaint, acknowledgment, and satisfaction, dismissal).”
The trial judge ruled as to request 6, “allowed as a correct statement of law as far as it goes,” and he omitted to make any ruling with reference to request 9. As request 9 was not passed upon by the trial judge it is treated as having been denied by him. Hetherington v. Firth, 210 Mass. 8, 17. Simmons v. Poole, 227 Mass. 29, 34.
The two questions argued before us were whether on the facts of this case, G. L. c. 276 §56, (providing for a bar to a subsequent civil case in certain instances including assault and battery, where satisfaction has been acknowledged by a complainant in a criminal ease involving the same act) applies to the case at bar and further, as to whether if the *49 statute does not apply, can the minor plaintiff by “disavowing” her release, (as the trial judge found she did) maintain the present action.
(1) Does Gr. L. c. 27.6 §56 barring civil action operate as a bar to the present action? We are of the opinion that it does not. It has been held that the statute applies “only to cases where the magistrate commits a party to prison or takes his recognizance for his appearance before a higher court. This is evident from the fact that it is provided that his order discharging the recognizance shall be filed in the office before the sitting of the court at which the party is bound to appear. It is further evident from the fact that there was no necessity to make any provision authorizing a magistrate to discharge a party from such a prosecution where he had final jurisdiction. The case not being within the statute, the plaintiff’s acknowledgment of satisfaction stands as it would at common law. ’ ’ Stevens v. Hathorne, 12 Allen, 402.
(2) Can the plaintiff maintain her present action, the cited statute not applying to the case? This question we treat as being before us. The defendant’s sixth request to the effect that the release barred this action was, in the words of the trial judge “allowed as a correct statement of law as far as it goes.” The issue before the court was as to whether the disavowed release was a bar to the present action, and evidently the defendant desired by the request, to call to the court’s attention, his claim that under the facts of this case, the release was a bar. The judge treated the request as an abstract proposition of law, and as so considered, allowed it “as far as it goes.” If the defendant was entitled to have the request granted absolutely and without being qualified or limited (since by being qualified by the ruling it was in effect a denial of the request beyond the qualification) there would be error on the *50 part of the trial judge. As both parties have argued the question as to whether the disavowal of the release was effective as removing the barrier against the maintenance of the present action, we consider the defendant’s sixth request, with the qualified ruling as properly presenting the question for our decision.
We are constrained to say that the plaintiff may avoid the release. In Baker v. Lovett, 6 Mass. 78, 80 the court says “But an injury done to an infant, by assaulting and beating him, vests in him a right of action, to recover adequate damages. He is not, however, supposed to have capacity to ascertain the damages and therefore, if he releases them, he may avoid the release, xxx For the same reason, if he attempts himself to ascertain the damages, he cannot be obliged by this act, although he may have received the damages he claims. They may be extremely inadequate to the injury and the law will protect him as well against himself as against others. Where an infant is quite a child, this humane provision of the law is evidently reasonable; but the law has drawn no line between an infant of six years old, and one of twenty years old; for all infants are entitled to equal protection. ’ ’ Although this is an early case it is cited in the recent ease of Pierce Co. v. Wallace, 251 Mass. 583, 584.
In Worthy P. P. A. v. Jonesville Oil Mill, 57 S. E. (So.Car.) 634 citing Baker v. Lovett, supra, it was held that a minor could repudiate a release, without returning the consideration, such consideration to be credited on the amount of damages to be recovered in the later suit. That a minor is not bound by a release in an action to recover for personal injury see annotation in 13 A. L. R. 402.
A minor, in order to avoid a contract, is not obliged to use any particular words or perform any particular acts. Anything showing unequivocal repudiation is sufficient. *51 Tracy v. Brown, 265 Mass. 163, 164. The finding by the trial judge that the plaintiff signed a release and later disavowed it, is sufficient to warrant the trial judge in finding that she had avoided the contract of the release and hence he could find for the plaintiff.
The defendant has argued concerning the effect of the adjustment from the civil standpoint having been made to the knowledge of the court and the satisfaction of the probation officer. But the decision must be governed either by the statute or by the rules of the common law. There can be no middle ground here. Since the statute does not apply to the case at bar, the plaintiff’s rights stand as they would at common law. Stevens v. Hathorne, 12 Allen 402 and as at common law the minor plaintiff may avoid the release, Baker v. Lovett, 6 Mass. 78, we must say that there was no reversible error on the part of the trial judge.

Report dismissed.