SULLIVAN C. TOWLE and another, by IRA F. TOWLE, father and next friend, *vs.* W. F. DRESSER and another.

Somerset.    Opinion March 9, 1882.

*Minors, contracts of, rescission of.*

If minors having in their possession the consideration received by them upon the sale and delivery of their goods and chattels desire to return the same to the party contracting with them and rescind the contract, they may do so during their minority as well as within a reasonable time after they come of age; and upon the refusal of the other party to accept the consideration returned and to restore the property, they may maintain trover, prosecuting their suit by *prochein ami* for the property withheld from them.

The rescission of a minor's contract in this manner through the intervention of an agent employed by him for that purpose is not manifestly nor necessarily prejudicial to the minor and is therefore not to be classed nor regarded as void; and his appointment of an agent for such purpose is at the worst only voidable; and the opposite party when thus notified of the rescission, if he refuses to accept the consideration returned and to restore the property can no longer shield himself under the contract.

Even if the failure of the infant to present himself personally to make the rescission were to be regarded as a valid objection—still if the other party, without questioning the authority of the agent to act in the premises at the time of the tender and demand, simply refuses to restore the property and accept

the tender he may be regarded as waiving the objection. The disability of infancy is a personal privilege which the infant and his legal representatives only are entitled to assert.

ON REPORT.

Trover for a horse sold and delivered to the defendants by the plaintiffs, who were minors and claimed they had rescinded the contract of sale and tendered the consideration received.

At the trial after the evidence was out, the court ruled that the action could not be maintained and ordered a nonsuit; and by agreement of parties the case was reported to the full court. If the action can be maintained upon the proof offered, the nonsuit is to be taken off and the action is to stand for trial.

The facts are stated in the opinion.

*J. B. Peaks and C. A. Farwell,* for plaintiffs, cited : *Robinson* v. *Weeks,* 56 Maine, 102 ; *Edgerton* v. *Wolf,* 6 Gray, 453 ; *Chandler* v. *Simmons,* 97 Mass. 508 ; *Boody* v. *McKenney,* 23 Maine, 517 ; *Gibson* v. *Soper,* 6 Gray, 280 ; *Stafford* v. *Roof,* 9 Cow. 626 ; *Miles* v. *Boyden,* 3 Pick. 213 ; *Bradford* v. *French,* 110 Mass. 365 ; Schouler, Dom. Rel. 532 ; *Hastings* v. *Dollarhide,* 24 Cal. 195 ; *McCarty* v. *Murray,* 3 Gray, 578 ; *Hardy* v. *Waters,* 38 Maine, 450 ; *Whitney* v. *Dutch,* 14 Mass. 457.

*D. D. Stewart,* for the defendants.

Three questions of law arise in this case.

Can a *prochein ami* authorize an agent to rescind a contract on behalf of a minor?

Can a minor himself employ such an agent?

Can a minor rescind a contract until his arrival at age?

I. A father as guardian by nature of his son has no control over his property, real or personal, and has no right to demand possession of personal property. *Coombs* v. *Jackson,* 2 Wend. 153 ; *Bradford* v. *French,* 110 Mass. 368 ; *Miles* v. *Boyden,* 3 Pick. 213 ; *May* v. *Calder,* 2 Mass. 55 ; *Fonda* v. *VanHorn,* 15 Wend. 633. The power of a *prochein ami* commences with the suit, and he can therefore maintain a suit for such causes only as may be prosecuted without previous special demand. *Miles* v. *Boyden,* 3 Pick. 219 ; *Guild* v. *Cranston,* 8 Cush. 506.

II. The great weight of authority is that an infant cannot appoint an agent for any purpose. There are a very few early cases to the contrary, as *Whitney* v. *Dutch*, 14 Mass. 457, and *Hardy* v. *Waters*, 38 Maine, 450, and this last case has been substantially overruled by several subsequent cases or its authority strictly limited to negotiable paper.

"An act which an infant is under a legal incapacity to perform is the appointment of an attorney or in fact an agent of any kind." 1 Am. Leading Cases, 248, (3d ed.) See also, *Fonda* v. *VanHorne*, 15 Wend. 633 ; *Stafford* v. *Roof*, 9 Cow. 628 ; *Thomas* v. *Roberts*, 16 Mees. and W. 780 ; 1 Pars. Contr. (2d ed.) 243 ; *Guild* v. *Cranston*, 8 Cush. 510 ; *Valier* v. *Hart*, 11 Mass. 300 ; McPherson on Infancy, 458, (vol. 25, Law Library N. S.) ; *King* v. *Robinson*, 33 Maine, 126 ; *Crockett* v. *Drew*, 5 Gray, 399 ; *Cutler* v. *Currier*, 54 Maine, 82 ; *Robinson* v. *Weeks*, 56 Maine, 106 ; *Marshall* v. *Wing*, 50 Maine, 62.

There was no waiver here by the defendants, by not objecting specially when demand was made on them by an agent, for it nowhere appears that they knew that the plaintiffs were minors.

"A waiver is an intentional relinquishment of a known right." *Shaw* v. *Spencer*, 100 Mass. 395 ; Bigelow on Estoppel, 506.

The proper course for plaintiffs would have been to have guardians appointed. *Barker* v. *Hibbard*, 54 N. H. 539 ; *Isaacs* v. *Boyd*, 5 Porter, 389 ; *Smith* v. *Redus*, 9 Ala. 99.

It may be proper to close this branch of the argument with the remark, that while the courts of common law in England for more than three hundred years, and those in this country for more than one hundred years have considered all branches of the law of infancy, it is believed that no decision can be found holding that an infant can legally appoint an agent to rescind for him a contract. See *Maxham* v. *Day*, 16 Gray, 217 ; *Anthony* v. *Slaid*, 11 Met. 291 ; *Costigan* v. *R. R. Co.* 2 Denio, 610 ; *Russell* v. *Men of Devon*, 2 D. and E. (T. R.) 673.

III. The precise question was before the supreme court of New York in *Roof* v. *Stafford*, 7 Cowen, 179, and it was there held that a minor could not rescind a contract during minority.

And in *Boody* v. *McKenney*, 23 Maine 517, opinion by SHEPLEY, J., it was held that an infant could not rescind an

executed sale of his personal property until he becomes of age. That decision has never been overruled nor questioned. Whatever may be the conflicts of opinion elsewhere the law of Maine must be held to be settled that an infant cannot avoid an executed sale of his personal property until he arrives of age.

An infant who has repudiated his contract during minority, may, on arriving at age, disaffirm his own repudiation. *Railway Co.* v. *McMichael*, 5 Exch. 127 ; *Railway Co.* v. *Coombe*, 3 Exch. 565 ; *Roof* v. *Stafford*, 7 Cow. 183.

BARROWS, J. Trover for a horse. The following facts may be regarded as established by the testimony here reported.

In October, 1876, being then minors aged respectively eighteen and sixteen years, the plaintiffs sold and delivered at their own house their colt to the defendants residing in a distant county, receiving therefor two promissory notes of one of their townsmen amounting to two hundred dollars, payable to the defendants or bearer, and indorsed by one of the defendants. The following summer one of the notes having become due and remaining unpaid, an attorney at law, employed by the plaintiffs with the assent of their father, went with the notes which he tendered to each of the defendants and demanded the colt. The defendants refused to receive the notes or return the colt, and thereupon this suit was instituted, October 9, 1877, their father appearing as *prochein ami*, never having been appointed their legal guardian. The defendants severally pleaded the general issue, with brief statements asserting that the sale was made as above to one of them ; that it was never legally rescinded nor any tender of the notes made to, or legal demand for the restoration of the colt upon either of them, and denying the refusal to return or the conversion. The notes were placed upon the clerk's files for the use of the defendants and their attorney notified of the fact. A nonsuit having been ordered the question is, whether upon the above facts the action is maintainable, and this involves the inquiry : 1, Whether minors can rescind an executed sale of their personal property during their minority ? 2, Whether they can notify the vendee of their election to rescind, offer to return the consideration and demand a restoration of their property by an agent ? 3,

Whether, if the response to such notification, offer and demand is a simple refusal by the vendee to accept the return of the consideration and to restore the property, without objection on the ground of want of authority in the agent to make the demand, it would be competent for the jury to find a waiver on the part of the vendee of any possible defect in the demand on that score, and a conversion by him accordingly?

When men of full age get possession of property by making a contract with infants, they will do well to bear in mind the familiar doctrines of the text books, that, "when the law says that they (infants) are not capable (of making contracts) until the age of twenty-one years, it is for *their* sake and by way of protection to *them*, that only those of their contracts which the court can see and declare to be to their prejudice will be pronounced void, and those that are not clearly so but may be useful will be held at the worst only voidable at the election of the infant himself, and that it is a general rule that the disability of infancy is the personal privilege of the infant himself, and no one but himself or his legal representatives can take advantage of it." "Were it otherwise this disability might be of no advantage to him but the reverse." See Parsons on Contracts, 1st ed. vol. 1, pp. 243, 275, 276.

Here the defendants claim the right to set up the disability of the minors to appoint an agent in order to relieve themselves from a liability which it is plain they could not otherwise avoid. If they can do it successfully it is manifestly a case where the disability is no advantage to the infant, but the reverse.

I. As to the power of minors to rescind an executed sale of their personal property during minority upon returning the consideration received. We find no good reason either upon principle or authority to deny that power. It is the legitimate use of the shield with which the law covers their supposed want of judgment and experience, and places both parties *in statu quo ante*, a condition of things of which it would seem neither ought to complain. By reason of the transitory nature of personal property, to withhold this right from the infant, perhaps for a term of years, until he became of age, would, in many cases, be to make it utterly valueless.

In support of their denial of its existence, defendants rely upon *Roof* v. *Stafford,* 7 Cowen, 179, and the dictum of a former learned justice of this court, in *Boody* v. *McKenney,* 23 Maine, 525.

The case in 7 Cow. 179, was reversed on appeal, *Stafford* v. *Roof,* 9 Cowen, 626, where it was held that although he could not avoid a conveyance of land until he became of age he might a sale of chattels.   The power is expressly recognized in *Shipman* v. *Horton,* 17 Conn. 483; *Carr* v. *Clough,* 26 N. H. 280, 293.

And this is the principle upon which alone the numerous class of cases proceed in which the minor after he has worked for a man has been allowed to repudiate his contract to labor for a fixed period of time at a certain rate of wages, and to recover by suit through the intervention of a next friend what his work was fully worth without regard to his stipulations.   For illustration, see *Judkins* v. *Walker,* 17 Maine, 38; *Derocher* v. *Continental Mills,* 58 Maine, 217; *Boynton* v. *Clay, Id.* 236; *Vehue* v. *Pinkham,* 60 Maine, 142.

The learned judge who uttered the dictum in *Boody* v. *McKenney,* 23 Maine, 525, would never have recognized it as an authority or decision of the point.   It was purely a dictum, put forth, apparently on the strength of the case in 7 Cowen, 179, in a discussion of the decided cases for the purpose of seeing how far the remarks in them were capable of being harmonized.   See *ibid.* p. 523.   Defendants' counsel cannot expect us to give it more credit than he would have us give to *Hardy* v. *Waters,* 38 Maine, 450, against which he so stoutly contends.

II.   But this last named case was we think rightly decided, and it stamps as inaccurate and unsound all dicta or decisions (if such there be) which hold all acts done and contracts executed by an infant through the intervention of an agent void, and on the contrary relegates the appointment of agents (for certain purposes at least) by them to the class of voidable contracts to be disposed of by the rules applicable to that class.   And it recognizes the cardinal principle that in relation to all voidable acts and contracts, infancy is a personal privilege which no one but the infant or his legal representative is entitled to assert.

In the almost inevitable confusion of dicta which arises from speaking of voidable acts when avoided as void, the only recourse seems to be to revert to what is declared in *Tucker* v. *Moreland,* 10 Pet. 59, on the authority of Kent's Commentaries, to be "the result of the American decisions," "that they are in favor of construing the acts and contracts generally to be voidable and not void," at all events in cases where they are not manifestly and necessarily prejudicial.

·What we mean to hold is, that the rescission of a minor's contract through the intervention of an agent employed by him for that purpose is not manifestly nor necessarily prejudicial to the minor, and is therefore not to be classed as void ; and that where as here it is accompanied by the restoration of the consideration it will be so far effectual that the other party can no longer shield himself under the contract from a liability to restore or make compensation for such of the infant's property as he acquired by the contract.

It is not for him to set up the infant's disability for his own protection when the contract has thus been rescinded.    It is difficult to find any valid reason for the subtle distinction once set up between cases where the money has been paid or goods delivered on sale by the hand of the infant, and other cases of a minor's contract which are deemed voidable for the protection of the infant from the consequences of his want of discretion and experience.    The act is none the less indiscreet and injurious because it is complete ; on the contrary it may be more·so.

While, under the circumstances of this case we regard the offer to return the notes as necessary to a valid rescission, we are not to be understood as deciding by implication that there are no conceivable cases in which the infant can be allowed to rescind without returning the consideration.    Whether where we hold the minor capable of rescinding his contracts of this sort we ought not also to hold that such rescission is irrevocably binding on him is a question which will deserve serious consideration when it necessarily arises.    It would seem that the personal privilege has performed all its legitimate functions of a "shield" to the infant when it has resulted in restoring the

original condition of things and in placing him and his property on the same footing as though no contract had ever been made.

III. The conclusion reached on the second question disposes of the case for the present, without requiring the consideration of the third. But it may not be amiss to remark that the cases of *Miles* v. *Boyden*, 3 Pick. 213, and *Seguin* v. *Peterson*, 45 Vermont, 255, well illustrate the unwillingness of courts to defeat suits for the enforcement of the rights of minors for want of a sufficient demand in their behalf wherever a waiver of the defect by the other party may be inferred from his neglect to raise the objection promptly. No want of authority on the part of the plaintiff's attorney to notify them of the rescission and to demand a return of the property was suggested by these defendants when he tendered them their notes and reclaimed the horse.

It can hardly be doubted that they knew the ground upon which the claim was made. And it would seem that upon the ground of waiver also the action might have been maintained. It was the duty of the defendants on being informed of the plaintiff's election to rescind the contract to receive the proffered notes and return the plaintiffs' horse.

As they refused to do this and can no longer defend the possession of the animal on the ground of a subsisting contract they are liable upon the testimony before us for the value of the beast and interest from the date of the conversion.

The exceptions must be sustained.

*Nonsuit set aside. New trial granted.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.