## George Fuqua, by his Next Friend, v. Jacob Sholem, Samuel Sholem and Maurice Sholem.

1. INFANTS—*Warrants of Attorney to Confess Judgment.*—A minor can not execute a valid warrant to confess a judgment, and a judgment confessed upon such a warrant is void.

2. JURISDICTION—*Not Conferred by a Minor's Warrant of Attorney.*—Jurisdiction can not be conferred upon a court by a warrant of attorney executed by a minor, authorizing the entry of his appearance and confession of judgment.

3. NECESSARIES—*What is Not.*—A horse purchased by a minor and for which he gives his note, can not be regarded as necessaries, and he is not legally bound to pay for the same.

4. REPUDIATION—*Of His Contract by Minor.*—A note given by a minor for articles not necessaries is voidable and may be repudiated by him, but if he has in his possession or control the articles for which such note was given, he may be required to restore them as a condition precedent to such repudiation; the rule is different, however, where he has parted with such possession and the articles are no longer under his control.

5. VOID AND VOIDABLE—*Contracts by Minors.*—When a minor purchases a horse (not being included within the term, 'necessaries'), and gives his note and warrant of attorney attached thereto, to confess judgment (judgment note), the note is voidable, but the warrant of attorney to confess the judgment is absolutely void.

**Bill in Chancery,** to set aside a judgment. Appeal from the Circuit Court of Edgar County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1894. Reversed and remanded. Opinion filed June 3, 1895.

A. Y. TROGDON, attorneys for appellant.

DUNDAS & O'HAIR, attorneys for appellees.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was a bill in chancery to set aside a judgment by confession on the ground that the complainant was a minor when he signed the promissory note which contained a power of attorney to confess judgment, and upon the authority whereof the judgment was entered.

Upon final hearing on bill, answer, replication and proof, the bill was dismissed, from which decree the present appeal is prosecuted. There is no dispute that the complainant was a minor when he signed the instrument in question (which was given for the price of a horse), and that he was still a minor when the cause was heard. The evidence tended to show that the animal was diseased and of little or no value. It also appeared that the complainant had parted with it before filing the bill. We think it was error to dismiss the bill. The rule is well settled that a minor can not execute a valid warrant to confess judgment and that a judgment so entered should be set aside.

The warrant of attorney to confess and the judgment were wholly void. The court was as much without jurisdiction of the person of the alleged debtor as in the ordinary case where there is no service of process. Am. Leading Cases, Vol. 1, p. 248; Tyler on Infancy & Coverture, 47; Cole v. Pennoyer, 14 Ill. 158.

As distinguished from the warrant of attorney, the contract of purchase was voidable. The minor might repudiate it as it was clearly not for necessaries. If he had within his possession or control the consideration for which the note was given, he might have been required to restore it as

a condition of obtaining the desired relief, but having parted with the property and being still a minor, and so having never ratified the contract, there was nothing upon which a judgment could be supported, even had he been regularly in court by service of process. He was not legally or equitably bound for any part of the demand.

The decree will be reversed and the cause remanded.