LORETTA DI MEGLIO *vs.* THE BALTIMORE AND OHIO RAILROAD COMPANY.

*Demurrer—Infants—Disabilities—Effect of Suit for Damages—Action on Policy of Relief Insurance.*

1. A demurrer admits the truth of every material allegation well pleaded.

2. Infants are favorites of the law. An infant cannot appoint an attorney in fact. And a release made by him is voidable.

3. An infant beneficiary under an insurance policy may avoid a release of claim thereunder on coming of age.

4. The bringing of suit by an infant plaintiff to recover damages for the death of her husband and prosecuting it to an adverse judgment, with-

out the intervention of a guardian, or next friend, admitted by the Court, does not operate as a release of, or bar against, the claim of an infant beneficiary under an insurance policy, issued to the husband of the beneficiary by the Relief Department of the defendant, notwithstanding the husband's agreement in his application for membership therein, to the effect "that the bringing of a suit by me, my beneficiary or legal representatives, or for their use shall bar all claims by reason of my membership therein." .

(*November*17, 1909. )

Judges BOYCE and HASTINGS sitting.

*Christopher L. Ward* for plaintiff.

*Andrew E. Sanborn* and *John W. Huxley, Jr.*, for defendant.

Superior Court, New Castle County, November Term, 1909.

SUMMONS CASE (No. 117, September Term, 1907).

Demurrer to replications.

BOYCE., J., delivering the opinion of the Court:

Counsel for the defendant demurred to the third and fourth replications of the plaintiff to the seventh and eighth pleas to the declaration filed by counsel for Loreta Di Meglio, the plaintiff in this action.

It was averred in the declaration, in substance, among other things, that the defendant, on the twenty second day of August, A. D. 1901, issued a certain policy of insurance to one Gaitano Di Meglio who, at the time, was employed by the defendant as a laborer whereby the said Di Meglio became entitled to the benefits provided for a member of class A of the Relief Department of the defendant; that the defendant thereby agreed, in consideration of the payment by the said Di Meglio to the defendant of the sum of seventy-five cents per month and compliance with certain other conditions therein set forth, it, the defendant, would pay the sum of Five Hundred Dollars to the widow of the said Di Meglio, the

said plaintiff in this case, in the event of his death from accidental injuries received in the service of the defendant; that upon the issuance of said policy the said Di Meglio became a member of the Relief Department of the defendant, and entitled to the benefits provided for a member of Class A; that he paid the defendant the said sum of seventy-five cents per month and complied with all other conditions, etc.; that he continued to be a member of the Relief Department of the defendant until, on or about, the twelfth day of December, A. D. 1904, when he died from accidental injuries received in the service of the defendant leaving his widow, the said plaintiff, to survive him; and that since his death the said plaintiff has complied with all the requirements of said policy, whereby the defendant became indebted to the plaintiff, etc.

The defendant in its said pleas averred in substance, among other things, that it was provided in the application for full membership in the Relief Department of the defendant, signed by and agreed to by the applicant, the said Gaitano Di Meglio, as follows:

"I further agree that in consideration of the contribution of said Company to the Relief Department and of the guarantee by it of the payment of the benefits aforesaid, the acceptance of benefits from such Relief feature for injury or death, shall operate as a release of all claims against said company, * * * for damages by reason of such injury or death, * * * and also that the bringing of such a suit by me, my beneficiary or legal representatives, or for their use, shall barr all claims by reason of my membership therein."

It is further averred in said pleas that the said Lorerta Di Meglio, widow as aforesaid, and beneficiary under said policy brought suit in this Court against the defendant, on the fourth day of February, A. D. 1905, for the recovery of damages for the death of her husband, resulting from injuries received in the service of the defendant and prosecuted her suit to final judgment; that at the trial of said suit before a jury, in this Court, on the fourteenth day of March, A. D. 1906, a verdict was returned for the defendant and a judgment for costs was entered against the

said plaintiff therein; that the bringing of said suit and the prosecution of the same to a final judgment, as well as by causing the defendant to incur great costs therein, the said Loretta Di Meglio, widow of the said Gaitano Di Meglio, and beneficiary under the said policy of insurance, debarred herself from receiving any benefit or money from the defendant, under the said policy of insurance, sued upon in this action, and thereby released the defendant in full from all claims by reason of the membership of the said Gaitano Di Meglio, her said husband, in the Relief Department of the defendant.

The plaintiff replied in substance, that at the time of bringing the said suit against the defendant, to-wit, on the fourth day of February, A. D. 1905, and continuously thereafter, up to and including the time when final judgment was rendered in said suit, the plaintiff was an infant within the age of twenty-one years, etc.

A demurrer admits the truth of every material allegation well pleaded. The infancy of the plaintiff, in said suit, being admitted on the record of the demurrer, the question is, did the bringing of the said suit with the result alleged, operate as a release of and bar against the claim of the plaintiff, under said policy of insurance.

Infants, as it has been said, are favorites of the law, and in order to protect them and to preserve their best interests, the law has placed them under particular disabilities, An infant cannot constitute another as his attorney in fact—and if he attempts to do so, his act is not only voidable, but void. A release made by him is not binding upon him, and he may avoid it.

If the alleged policy of insurance was in force at the time of the death of the said Gaitano Di Meglio, and if the plaintiff, his beneficiary, was entitled thereunder as alleged, the law would not have permitted her, while an infant, even for a valuable consideration, to make a binding and absolute release of her claim under said policy, such as she could not have avoided on coming of age. And notwithstanding the said agreement, alleged to have been made by Gaitano Di Meglio, at the time he made application for full membership in the Relief Department of the company, we do not think that the bringing of said suit by the said plaintiff, while

an infant, to recover damages for the death of her husband, without the intervention of a guardian, or next friend, duly admitted by the Court, and prosecuting the same to final judgment, as in this case, or the causing of costs to be incurred by the defendant, in the defense of said suit, operated either as an absolute and binding release of whatever claim she may have had under the said policy of insurance, or as a bar to this action.

We, therefore, overrule the demurrer.