CITY LOAN SYSTEM, INC., OF DELAWARE, a corporation of the State of Delaware, v. SVEN E. NORDQUIST, THEODORE BERGQUIST, ANNA BERGQUIST and CARL J. PIERSON.

*(February* 14, 1933.)

PENNEWILL, C. J., and RODNEY, J., sitting.

*David Keil* for plaintiff.

*Howard Duane* for Anna Bergquist, one of the defendants.

Superior Court for New Castle County, No. 431, March Term, 1932.

RODNEY, J., delivering the opinion of the Court:

It is readily found as a fact that Anna Bergquist did not sign the note in question containing the warrant of attorney upon which the judgment was entered and also that her name was not placed on said note by her authority. There is no testimony whatever upon which a different finding could be based unless it be the mere circumstance that Anna Bergquist was living with her husband and that he presented the note to the bank and received the proceeds. That, of course, is not sufficient to overcome the direct and positive denials.

It is also found that Anna Bergquist is not barred by estoppel from denying her signature to the note and warrant of attorney from a reliance upon the forgery thereof.

It is not necessary to consider the various elements entering into an estoppel. There is one necessary element without which an estoppel cannot exist and which is lacking in this case. There can be no estoppel unless the party claiming its benefit and seeking its enforcement should have been misled into or kept from some action so that he will suffer injury if the estoppel be not declared. The party seeking the estoppel must have been induced to alter his position in such a way that he will be injured if the other person is not held to the representation or attitude on which the estoppel is predicated. 10 R. C. L. 697.

In the present case the plaintiff suggests that the attitude or promises of Anna Bergquist induced it to refrain from collecting its note from either the real estate held by Anna Bergquist and her husband jointly and also from the personal property owned by Theodore Bergquist. We shall consider them separately. As far as the realty is concerned it is only necessary to observe that the estate by

entireties and any legal ownership of Theodore Bergquist was conveyed on June 13, 1932, before Mrs. Bergquist had any knowledge at all of any note or notes bearing her signature and before any representations were made or any attitude assumed by her with relation to them and the real estate is still held by her.

The suggestion that the plaintiff refrained from collecting the note from the personal property of Theodore Bergquist because of Mrs. Bergquist's payments on her forged note and, therefore, she should be estopped from denying her signature is not borne out by the facts. It clearly appears that Bergquist was insolvent; that all the personal property he had was a few things in his tailor shop and that these were levied on and sold for rent in arrears and that the proceeds were insufficient to pay the rent. This rent would have had priority over the note in any event.

One question of interest yet remains. The plaintiff contends that notwithstanding the fact that the signature of Anna Bergquist to the note and warrant of attorney may have been a forgery, yet it contends it had been ratified and adopted by her and is, therefore, binding upon her.

Many Courts have failed to clearly draw the distinction between estoppel on the one hand and ratification or adoption on the other. The distinction is real, for upon the same facts one may exist and the other not. So, too, ratification and adoption are often used as synonymous terms and yet it is said to be "easier to conceive of the adoption of a forged signature * * * with consequent liability, than to think of the ratification of such a signature." 48 *A. L. R.* 1374.

The question before us is, whether a judgment entered by confession on a forged warrant of attorney, without other service of process on the defendant, can be subsequently validated by the adoption of the forged signature by the party charged.

The objection, of course, is that if the signature to the warrant of attorney be forged and if there be no other service of process on the defendant the Court never had jurisdiction over the party defendant and was utterly powerless to enter a valid judgment and the judgment as to such party was void.

The question as to whether or not there can be an adoption of the judgment in question so as to give it validity and vitality is largely a question as to whether, the forgery of warrant of attorney being shown, the judgment is void or voidable. These words are not interchangeable. That which is merely voidable may, under certain circumstances, be affirmed and adopted, but it has been held that a judgment that is absolutely void cannot be vitalized by subsequent act of the parties. *Laughton v. Nadeau* (*C. C.*), 75 *F.* 789; *Owens v. Cocroft*, 14 *Ga. App.* 322, 80 *S. E.* 906; *Camp v. Wood*, 10 *Watts* (*Pa.*) 118.

The effect of a void judgment was considered in *Frankel v. Satterfield*, 9 *Houst.* 201, 19 *A.* 898, 900. This case was an alias *sci. fa.* to revive a judgment. Judgment had been originally improperly entered as a personal judgment in a suit brought by foreign attachment where no property had been attached and no service had upon the defendant. An earlier *sci. fa.* had been issued to revive the judgment and had been personally served upon the defendant and no defense made to the *sci. fa.* and the judgment was revived. The alias *sci. fa.* likewise was personally served upon the defendant. The Court held the judgment void for want of original jurisdiction apparent upon the record and stated that because the want of jurisdiction appeared upon the record the judgment "* * *" never had lawful existence. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one. All acts performed under it, and all claims flowing out of it, are void. It cannot be the basis of an execution, or the foundation of a valid title

to property purchased at a sale thereunder. No action on
the part of the plaintiff, no inaction on the part of the
defendant, can invest it with any of the elements of power
or of vitality. It is unavailing for any purpose."

The Court further said:

"The default of the defendant to plead to the *scire facias* and
show the want of jurisdiction apparent of record against the original
judgment, cannot be held to be such an admission to the contrary, or
such a waiver, as will cure that fatal infirmity in the judgment at
the time of its rendition, for the character and status of said judg-
ment were fixed at that time. If void then, it could have no existence
or force thereafter. As was said by the court in *Pennoyer v. Neff*, 95
*U. S.* 714 [24 *L. Ed.* 565]: 'The judgment, if void when rendered,
will always remain void. * * * The validity of every judgment
depends upon the jurisdiction of the court before it is rendered, not
upon what may occur subsequently.' "

The question of the validity of a judgment entered
upon a note or bond and the validity of the warrant of
attorney upon which such judgment was entered has arisen
a number of times in the case of persons under age. Such
was the case of *Waples v. Hastings*, 3 *Harr.* 403. It is not
necessary for us in the present case to approve the doc-
trine there laid down that a bond of an infant is void and
not voidable as some of the older cases hold. In this respect
there seems to have been considerable progress in the law;
but in *Waples v. Hastings* the Court said: "Even if the
contract could be confirmed after full age, it would not set
up the warrant of attorney." We have found no case which
does not hold that a warrant of attorney made by an infant
is absolutely void. In *Lutes v. Thompson*, 5 *Pa. Co. Ct. Rep.*
451, the Court said that it is absolutely void and incapable
of ratification. See, also, *Bennett v. Davis*, 6 *Cow.* (*N. Y.*)
393; *Smith v. Fisk*, 6 *Pa. Co. Ct. Rep.* 167; *Knox v. Flack*,
22 *Pa.* 337; *Fuqua v. Sholem*, 60 *Ill. App.* 140, and *note* to
31 *A. L. R.* 1017; *Saunderson v. Marr*, 1 *H. Black.* 75, 126
*Eng. Reprint* 46.

The absolute invalidity of a judgment entered by con-
fession on a forged warrant of attorney without service of

process and the inability to vitalize or legalize such judgment by subsequent ratification or adoption is more apparent than in judgments of most other kinds. If the warrant of attorney was void, the Court never had jurisdiction over the parties. Acts done by a Court which has no jurisdiction over the person, the cause, or the process, are said to be *coram non judice*.

In *Horner v. Popplein*, 112 *Md*. 591, 77 *A*. 252, 254, the Court said:

"In order that a judgment of this character [judgment by confession] may be binding, it is necessary that it be entered by actual consent of the party to be bound, indicated by his personal presence and request, or by his authorization in writing or through an attorney. If he does not in fact confess the judgments and is not served with process, its entry against him, whether in consequence of innocent mistake or deliberate misrepresentation as to his identity, cannot be held to affect his rights. As was said by this court in *Hanley v. Donoghue*, 59 *Md*. 243 (43 *Am. Rep.* 554): 'It is essential to the validity of a judgment in *personam* that the court should have jurisdiction over the parties, and if rendered without such jurisdiction, it is a mere nullity.' "

See, also, *Wilmer v. Epstein*, 116 *Md*. 140, at page 145, 81 *A*. 379; *Clark v. Wells*, 203 *U. S.* 164, 27 *S. Ct.* 43, 51 *L. Ed.* 138.

In *Bullen, et al., v. Dawson*, 139 *Ill*. 633, 29 *N. E.* 1038, 1040, the Court said:

"It follows from what we have said that the case, in our opinion, was properly disposed of, so far as it relates to the title claimed by Bullen through the judgment on the $300 note, upon the finding of the decree that said note, and the warrant of attorney accompanying it, were forgeries, and consequently that the judgment entered thereon was *coram non judice* and void, for want of jurisdiction of the person of the complainant, and that all proceedings under said judgment were in like manner nugatory and void."

We are of the opinion that the judgment entered upon a forged warrant of attorney is void in so far as it affects the petitioner and could not have been ratified or adopted.

This is not a proceeding for the cancellation of the note, but purely a proceeding for the vacation of the judgment and we are only concerned with the validity or inval-

idity of the judgment itself. It is, therefore, unnecessary and perhaps improper for us in this case to consider the question as to whether or not a forged note may be adopted or ratified. As to this question there is a sharp division among the authorities. Most of these authorities are listed in *Traders' National Bank v. Rogers*, 167 *Mass.* 315, 45 *N. E.* 923, 36 *L. R. A.* 539, 57 *Am. St. Rep.* 458; 25 *A. L. R.* 177; *Shinew v. First Nat. Bank*, 84 *Ohio St.* 297, 95 *N. E.* 881, 36 *L. R. A.* (*N. S.*) 1006, *Ann. Cas.* 1912*C*, 587; *Boone v. Citizens' Bank & T. Co.*, 154 *Tenn.* 241, 290 *S. W.* 39, 50 *A. L. R.* 1374; *Marsh v. State Bank & T. Co.*, 153 *Tenn.* 400, 284 *S. W.* 380, 48 *A. L. R.* 1368; 3 *R. C. L.* 322, 324; 1 *Joyce, Defenses to Com. Paper*, §§ 193 and 158; *Daniel, Neg. Inst. Law*, §§ 1351 and 1354.

We would not be understood as saying that a person may not be estopped from alleging that a judgment is void whether it be on the ground of a forgery of the warrant of attorney or any other ground. The estoppel which prevents a person from alleging the invalidity of the judgment is a very different thing from the adoption of a void judgment or its ratification so as to make it a good one. That cannot be done. That which is bad and absolutely void cannot be made good, but it may well be that circumstances may legally or equitably prevent a person from saying that the judgment is void.

The prayer of the petition is granted.