PHILIP C. KING, Assignee of John W. King, Assignee of Philip C. King, Administrator of Clara C. King, Deceased, Assignee of Elijah E. Wootten, Assignee of Clara C. King, Administratrix of D. B. Cordrey, Deceased, *v.* JAMES CORDREY and MARY E. CORDREY.

*(February* 5, 1935.)

LAYTON, C. J., HARRINGTON, RICHARDS, RODNEY and REINHARDT, J. J., sitting.

*Isaac D. Short, 2nd,* for plaintiff.

*Charles W. Cullen* for defendants.

Superior Court for Sussex County, *Scire Facias* to renew and extend the lien of a judgment, No. 36, February Term, 1934.

HARRINGTON, J., delivering the opinion of the majority of the Court:

Under the agreed statement of facts, the question for us to determine is whether a judgment entered against a minor, pursuant to the provisions of a warrant of attorney contained in a bond executed and delivered by him, is absolutely void, or merely voidable, at the election of such minor.

Under the old common law rule those acts are

contracts of an infant, which necessarily operated to his prejudice, were void, but those acts which were beneficial, or had a semblance of benefit to him, were merely voidable, at his election, in most cases, at least, when he came of age. See *Wallace's Lessee v. Lewis*, 4 *Harr.* 75; *Viditz v. O'Hagan* (1899), 2 *Ch.* 569; *Williams v. Moor*, 152 *Eng. Repr.* 798; *Owen v. Long*, 112 *Mass.* 403; *Pollock on Contracts*, 124, 125, 131; 18 *Am. St. Rep.* 670, 671, 675, *note*.

There are cases holding that where transactions, relating to the purchase or sale of personal property, are involved, the right to rescind may, also, be exercised by the infant during his minority, but we need not consider that question in this case. See, however, *Towle v. Dresser*, 73 *Me.* 252; *Stafford v. Roof*, 9 *Cow.* (*N. Y.*) 626; *Riley v. Mallory*, 33 *Conn.* 201; *Bradford v. French*, 110 *Mass.* 365; 18 *Am. St. Rep.* 668, 671, *note*. See, also, *Bool v. Mix*, 17 *Wend.* (*N. Y.*) 119, 31 *Am. Dec.* 285; *Chandler v. Simmons*, 97 *Mass.* 508, 93 *Am. Dec.* 117.

In stating the general rule as to the rights of an infant, Lord Chief Justice Eyre, in *Keane v. Boycott*, 2 *H. Black.* 511, 515, 126 *Eng. Repr.* 676 (1795), said:

"We have seen that some contracts of infants, even by deed, shall bind them. Some are merely void; namely, such as the Court can pronounce to be to their prejudice. Others, and the most numerous class of a more uncertain nature, as to the benefit or prejudice, are voidable only, and it is in the election of the infant to affirm them, or not."

Perkins, a very early writer on the *Law of Conveyancing*, in *Section* 12 of his work on that subject, also, laid down the more specific, but more technical rule that:

"All such gifts, grants, or deeds, made by an infant, as do not take effect by delivery of his hand, are void. But all gifts, grants, or deeds made by an infant by matter in deed or in writing, which take effect by delivery of his own hand, are voidable by himself, and his heirs, and by those who have his estate."

That rule, as well as the rule laid down by Lord Chief

Justice Eyre, was, also, approved by Lord Mansfield, in *Zouch vs. Parsons,* 3 *Burr.* 1794, 97 *Eng. Repr.* 1103 (1765), *supra,* and in other cases. See *Note,* 18 *Am. St. Rep.* 576.

In discussing the question of infancy in that case, Lord Mansfield said:

"It is not settled what is the true ground upon which an infant's deed is voidable only: Whether 'the solemnity of the instrument is sufficient'; or 'it depends upon the semblance of benefit to the infant from the matter of the deed upon the face of it.' "

In connection with the first question, he then quoted the Perkins' rule, and added:

"The words which do take effect are an essential part of the definition; and exclude letters of attorney, or deeds, which delegate a mere power and convey no interest."

At a later stage of the opinion Lord Mansfield, also, added:

"If a new case should arise where it would be more beneficial to the infant, 'that the deed should be considered as void'; if he might incur a forfeiture or be subject to damages, or a breach of trust, in respect of a third person, unless it was deemed void; the reason of the rule would warrant an exception in such case to the general rule.

"Powers of attorney are an exception to the general rule, as to deeds; and a power to receive seisin is an exception to that. The end of the privilege is 'to protect infants.' To that object, therefore, all the rules and their exceptions must be directed."

While, perhaps, having very little to do with the law of contracts, the court further stated, in substance, in the same case that the acts of an infant, which do not touch his interest, but take effect from an authority which he is trusted to exercise, are binding. See, also, *Baker v. Lovett,* 6 *Mass.* 78, 4 *Am. Dec.* 88. It seems that this was because the court could compel him to act, and that it was, therefore, for his interest to do what he could be compelled to do. *Tucker v. Moreland,* 10 *Pet.* 59, 9 *L. Ed.* 345; 18 *Am. St. Rep.* 574, *note.*

Though it seems that from a very early date the deeds

of an infant have, in most cases, been merely voidable, and not absolutely void (*Zouch v. Parsons, supra*) the general rule laid down by Lord Chief Justice Eyre was approved and applied by many of the early cases in this country. *U. S. v. Bainbridge, Fed. Cas. No.* 14,497, 1 *Mason* 71, 82; *Tucker v. Moreland,* 10 *Pet.* 59, 66, 9 *L. Ed.* 345; *Lawson v. Lovejoy,* 8 *Greenl.* (8 *Me.*) 405, 23 *Am. Dec.* 526; *Whitney v. Dutch,* 14 *Mass.* 457, 7 *Am. Dec.* 229; 2 *Kent's Com.* 234. This, also, seems to be true in the State of Delaware. *Walker's Adm'r v. Chambers,* 5 *Harr.* 311; *Rickards v. Laws,* 3 *Harr.* 393. In fact, in considering this question, Chief Justice Parker, in *Whitney v. Dutch,* 14 *Mass.* 457, 7 *Am. Dec.* 229, *supra,* in substance said that the rule that where the act might be for the benefit of the infant, it was not void, but merely voidable, at his election, was the only clear and definite proposition that could be extracted from the authorities.

■ Under the common law rule, it was naturally universally held that a minor was bound on a simple contract for necessaries, as they were clearly for his benefit. *Keane v. Boycott,* 2 *H. Bl.* 511, 126 *Eng. Repr.* 676; *Zouch v. Parsons,* 3 *Burr.* 1794, 17 *Eng. Repr.* 1103; *Cantine v. Phillips' Adm'r,* 5 *Harr.* 428; *Fetrow v. Wiseman,* 40 *Ind.* 148; 31 *C. J.* 1075; 18 *Am. St. Rep.* 643, *note.* The same rule applied to necessaries furnished an infant's family. *Cantine v. Phillips' Adm'r,* 5 *Harr.* 428, *supra;* 18 *Am. St. Rep.* 643, *note; Pollock on Contracts,* 125.

The technical and limited rule of Perkins is seldom referred to in the modern cases, but it, doubtless, had its influence in establishing the general rule stated in *Zouch v. Parsons,* 3 *Burr.* 1794, 97 *Eng. Repr.* 1103, *supra,* that the mere power of attorney of an infant was absolutely void. At any rate, whatever its history may be, it must be conceded that that rule was either expressly held or, at least, repeatedly stated, though often without any discus-

sion of the principles involved, in the early English and American cases. *Ashland v. Langton,* 4 *Moore & S.* 719; *Roof v. Stafford,* 7 *Cow.* (*N. Y.*) 179; *Dexter v. Hall,* 15 *Wall.* 9, 25, 21 *L. Ed.* 73; *Doe v. Roberts,* 16 *M. & W.* 778; *Bennett v. Davis,* 6 *Cow.* (*N. Y.*) 393; *Cole v. Pennoyer,* 14 *Ill.* 158.

Applying that general rule, a power of attorney of an infant authorizing the confession of judgment against him was, also, sometimes held but, perhaps, more frequently merely stated to be absolutely void. *Sanderson v. Marr,* 1 *H. Bl.* 75; *Ashland v. Langton,* 4 *Moore & S.* 719; *Bennett v. Davis,* 6 *Cow.* (*N. Y.*) 398; *Wood v. Heath,* 1 *Chitt.* 708, *note; Knox v. Flack,* 22 *Pa.* 337; *Oliver v. Woodroffe,* 4 *M. & W.* 650.

Following the early English cases, that rule has been applied in this state since an early date, and judgments entered in that manner have been repeatedly set aside. *Waples v. Hastings,* 3 *Harr.* 403; *Carnahan, et al., v. Allderdice, et al.,* 4 *Harr.* 99; *Karcher v. Green,* 8 *Houst.* 163, 32 *A.* 225. See, also, *DiMeglio v. B. & O. R. Co.,* 1 *Boyce* 74, 74 *A.* 558.

It is apparent, however, that in many cases it was difficult, if not impossible, for the courts to determine either from the face of the transaction, or from a collateral inquiry, whether the contract of an infant was for his benefit, or otherwise. The object of the law in disabling him from absolutely binding himself by his act or contract was to prevent him from being imposed on by the crafty and designing, or from being injured by his own improvident acts. *Zouch v. Parsons,* 3 *Burr.* 1794, 97 *Eng. Repr.* 1103; *Whitney v. Dutch,* 14 *Mass.* 457, 7 *Am. Dec.* 229; 1 *Black. Com.* 464; *Oliver v. Houdlet,* 13 *Mass.* 237, 7 *Am. Dec.* 134.

But the disabilities of minors are really privileges which the law gives them, and which they may exercise for

their own benefit. 1 *Black. Com.* 464; *Wallace's Lessee v. Lewis*, 4 *Harr.* 75; 31 *C. J.* 1001, 1018. Because of that fact, and of the difficulty of applying them satisfactorily, since an early date many courts have been inclined to repudiate the old rules laid down by both Perkins and Lord Chief Justice Eyre, and to hold most of the contracts of minors, not for necessaries, to be merely voidable at their election, and not absolutely void.

In connection with the rule above stated, Chief Justice Shaw, in *Reed v. Batchelder*, 1 *Metc. (Mass.)* 559, aptly said:

"The question, what acts of an infant are voidable and what void, is not very definitely settled by the authorities; but in general it may be said that the tendency of modern decisions is, to consider them as voidable, and thus leave the infant to affirm or disaffirm them, when he comes of age, as his own views of his interest may lead him to elect."

Somewhat broader language was used by the court in *Hyer v. Hyatt, Fed. Cas. No.* 6,977, 3 *Cranch, C. C.* 276, when it said:

"I am inclined to think that no contract entered into, by an infant, is absolutely void, although all contracts by infants, except for necessaries, are voidable. There are some dicta that contracts made by an infant to his prejudice, are void, not voidable; but I doubt whether, in law, there be any difference as to validity, between those which are beneficial, and those which are prejudicial to the infant; both are voidable, but neither is absolutely void. There is no case in which it has been decided that a contract between an infant and an adult can be avoided by the adult, upon the ground of the infancy of the other party. If the contract were absolutely void, neither party would be bound. The question whether the contract be prejudicial to the infant, is a question of fact, not of law, and is too uncertain to become the test of the validity of the contract. It is a question which depends upon many circumstances, and cannot always be ascertained at the time of the contract."

See, also, 2 *Kent's Com.* 234, 235; 18 *Am. St. Rep.* 578, note; *Pollock on Contracts* 125, 126; *Cole v. Pennoyer*, 14 *Ill.* 158; *Fetrow v. Wiseman*, 40 *Ind.* 148.

Whether the bond executed by the infant in this case

contained a penalty does not clearly appear from the agreed facts, but perhaps we might state that under the general rule laid down by Lord Chief Justice Eyre some of the early cases held, or at least stated, that the penal bond of an infant was void and not merely voidable. 2 *Kent's Com.* 235; 18 *Am. St. Rep.* 611, *Note; Pollock on Contracts* 126. See, also, *Waples v. Hastings,* 3 *Harr.* 403. Applying the same general principles stated by Chief Justice Shaw many courts and text books now take the position, however, that such a bond, like most other contracts made by a minor, is merely voidable at his election, and that his interests are sufficiently protected by giving him that right. *Note* 18 *Am. St. Rep.* 611; 14 *R. C. L.* 230; 1 *Williston on Contracts,* 445; *Weaver v. Jones,* 24 *Ala.* 420; *Mustard v. Wohlford's Heirs,* 15 *Grat. (Va.)* 329, 76 *Am. Dec.* 209. See, also, *City Loan System v. Nordquist,* 5 *W. W. Harr. (35 Del.)* 371, 165 *A.* 341.

█ The same general rule has, also, frequently been applied in modern times to the appointment of an agent by an infant and to the acts or contracts of such agent, whether appointed by power of attorney, or otherwise. *Casey v. Kastel,* 237 *N. Y.* 305, 142 *N. E.* 671, 31 *A. L. R.* 995; *Coursolle v. Weyerhauser,* 69 *Minn.* 328, 72 *N. W.* 697; *Cheshire v. Barrett,* 4 *McCord (S. C.)* 241, 17 *Am. Dec.* 735; *Benson v. Tucker,* 212 *Mass.* 60, 98 *N. E.* 589, 41 *L. R. A. (N. S.)* 1219; *Towle v. Dresser,* 73 *Me.* 252; 18 *Am. St. Rep.* 578, *note;* 1 *Williston on Contracts,* 444; 31 *C. J.* 1003. See, also, *Whitney v. Dutch,* 14 *Mass.* 457, 7 *Am. Dec.* 229, *supra.* It may be true that no direct authority in support of this proposition can be found, but irrespective of precedents there would seem to be no good reason why a power of attorney of an infant to confess judgment should be excepted from what now may be regarded as the better and more reasonable rule applicable to the power of attorney of an infant in other cases.

■ In order that his rights may be protected when he is sued, it is true that it is a well established rule of practice that an infant must appear and defend by a guardian and not in person, or merely by an attorney. *Woolley's Del. Pract.*, § 125; *Moore v. McEwen, 5 Serg. & R. (Pa.)* 373; 31 *C. J.* 1148.

■ If, however, this rule is not complied with and a judgment is entered against the infant in a suit against him, that judgment is not void, though it is erroneous and may be set aside on his application. *Moore v. McEwen, 5 Serg. & R. (Pa.)* 373; *Barber v. Graves,* 18 *Vt.* 290; *Maynard v. Downer,* 13 *Wend. (N. Y.)* 575; 1 *Black. on Judg.* 288; 31 *C. J.* 1149, 1174. See, also, *Tweed v. Lockton, 5 W. W. Harr. (35 Del.)* 474, 167 *A.* 703, 705, *note.*

In fact, it has been questioned whether, even under the common law rule, a judgment entered against an infant, by virtue of a warrant of attorney contained in a bond, was absolutely void for all purposes, so that it could not be ratified by him at his majority, or whether such a judgment was merely irregular and could be set aside for that reason. 18 *Am. St. Rep.* 629, *Note; Coursolle v. Weyerhauser,* 69 *Minn.* 328, 72 *N. W.* 697. See, also, *Carnahan v. Allderdice,* 4 *Harr.* 99, *supra.*

■ The bond in this case was executed by James Cordrey shortly before he became twenty-one years of age, and judgment was entered thereon in November, of 1923, or more than two years after he had reached his majority. He, however, did not in any way repudiate that judgment, or the bond on which it was entered, until February 7, 1934, when he filed his affidavit of defense in this proceeding. After this lapse of time he must be deemed to have ratified the judgment entered against him, and cannot now set up his infancy as a defense. *Viditz v. O'Hagan* (1899), 2 *Chan.* 569; *Edwards v. Carter* (1893), *A. C.* 360.

Nor is this conclusion affected by the fact that it is possible that the inference may be drawn from the agreed facts that James Cordrey was merely a surety on the bond on which the judgment was confessed. *Reed v. Lane,* 61 *Vt.* 481, 17 *A.* 796; *Fetrow v. Wiseman,* 40 *Ind.* 148; 1 *Williston on Contracts,* 445; 18 *Am. St. Rep.* 614, *note.*

LAYTON, C. J., and RICHARDS, J., concurred in this opinion.

RODNEY, J. (dissenting) :

With the greater part of the majority opinion I am in entire accord. I entirely agree that the attitude of the courts toward the contracts or engagements of infants has undergone a great and desirable change. Under the older law the courts made void those contracts which operated to the disadvantage of the infant, leaving as voidable, to be affirmed or disaffirmed at the option of the infant, those contracts which operated in his favor. The reason of the change seems comparatively simple. Under the older decisions when a contract of an infant was void such fact discharged the other contracting party but this effect was different when the contract was voidable. This, however, was not the primary reason for the change, nor was it that the courts desired to validate the acts of infants. The courts simply transferred to the infant, upon his attaining majority, the burden as well as the privilege of determining what obligations were in fact to be deemed favorable or unfavorable to him or what engagements he desired to carry out as moral obligations. The Court recognized that as the infant was the one whose interest was affected by the determination as to whether a contract should be performed or not then he should, upon arriving at legal age, be the one to determine the question as to whether or not benefit existed for him under the contract. As a consequence of the postponement of the determination of the

beneficial character of the contract until the maturity of the infant certain acts were, thereafter, necessarily termed voidable which has theretofore been considered as void because not seen to be beneficial to the infant.

With all of this I am in perfect accord and this reasoning would be applicable and the majority opinion most persuasive if this were a suit on the bond or obligation executed by the infant. But such is not the case. The question here is—can an infant execute a valid warrant of attorney authorizing an attorney to appear in this Court and, without service of process or pleading, confess a judgment against him which shall be a valid judgment of this Court?

Every cited case which has held the action of the infant voidable has been one in which the estate or interest of the minor was affected and this effect on the interest of the minor has been the underlying reason for making the contract or engagement voidable. The present case solely affects the jurisdiction and integrity of the Court itself.

No case in any jurisdiction has ever held as voidable the warrant of attorney executed by an infant to confess judgment without process or pleading. Every Court where the question has arisen has held such warrants to be void.

The Courts of Delaware have several times decided the precise and exact question. *Waples v. Hastings, 3 Harr.* 403; *Carnahan v. Allderdice, 4 Harr.* 99; *Karcher v. Green, 8 Houst.* 163, 32 *A.* 225. See, also, *DiMeglio v. B. & O. R. R. Co.,* 1 *Boyce* 74, 74 *A.* 558, and *City Loan System v. Nordquist,* 5 *W. W. Harr.* (35 *Del.*) 371, 165 *A.* 341, 344.

In England, the following are precise authorities holding the warrant void: *Saunderson v. Marr,* 1 *H. Bl.* 75, 126 *Eng. Repr.* 46; *Motteux v. St. Aubin, Wm. Bl.* 1133, 96 *Eng. Repr.* 669; *Ashlin v. Langton,* 4 *Moore & Scott* 719, 30 *E. C. L.* 362.

The following American cases unequivocally hold that

the warrant of attorney of an infant to confess a judgment is void and not voidable. *Knox v. Flack,* 22 *Pa.* 337; *Lutes v. Thompson,* 5 *Pa. Co. Ct. R.* 451; *Smith v. Fisk,* 6 *Pa. Co. Ct. R.* 167; *Bennett v. Davis,* 6 *Cowen* (*N. Y.*) 393; *Fuqua v. Sholem,* 60 *Ill. App.* 140; *Handley v. Wilson,* 242 *Ill. App.* 66; *Soper v. Fry,* 37 *Mich.* 236.

Even those cases and text books which sustain and advocate the holding of infants' general transactions as voidable and not void recognize warrants of attorney for the confession of judgments as an exception to the rule. The leading case of *Coursolle v. Weyerhauser,* 69 *Minn.* 328, 333, 72 *N. W.* 697, 699, in speaking of the exception to the rule says,

"There seems to be very little left of it, unless it be in cases of * * * warrants of attorney to appear and confess judgment in court."

So, too, Williston, after approving the modern rule of the general voidable character of infants' contracts, says:

"Probably Courts would still hold an infant unable to authorize a confession of judgment or to appoint an attorney for judicial proceedings." 1 *Williston on Contracts,* § 227.

3 *Freeman on Judgments, page* 2708, says:

"A minor is not competent to give a warrant of attorney authorizing the entry of judgment against him and a judgment based upon such warrant will be set aside on his motion."

All of the cases bearing upon the question of the void or voidable character of the appointment of an agent by an infant are collected in a *note* in 31 *A. L. R.* 1005. At *page* 1017 of 31 *A. L. R.* it is recognized that a warrant of attorney to confess a judgment is an exception to the general rule.

A distinction between "Powers of Attorney" to conduct the general affairs of the infant and technical "Warrants of Attorney" for the sole purpose of confessing judgments

in Court against the infant is recognized in *Schuler Domestic Relations*, § 406.

I do not think a Court can acquire any jurisdiction over an infant defendant without the issuance of process. If an infant defendant came into open Court with or without an attorney and attempted to waive process and confess judgment, I do not believe that the Court would allow such action. Every judgment entered upon warrant of attorney is in theory based upon an action brought. Theoretically the warrant authorizes the appearance, acceptance of the declaration and confession of judgment. It becomes a judgment *debitum sine breve* (*D. S. B.*). This action I do not think can be taken by one who has no authority to confer a binding subsisting power and the validity of whose action can, perhaps, not be determined until many years in the future.

I find all of the authorities uniform in holding void the warrant of attorney of an infant for the confession of a judgment. I think reason and sound public policy sustain such view. All minors are infants in the eyes of the law and the warrant of attorney of a child of ten is of equal validity to that of one nearing majority. I think such child ought not, by construction, to be permitted to encumber its property by a judgment confessed by another, without process, guardian or oversight where the judgment might become binding unless promptly disaffirmed upon reaching majority. If the warrant of attorney be voidable and not void, endless questions suggest themselves, such as possible priority of liens and the effect of issuance of executions on the judgment.

Where the warrant of attorney to confess a judgment is included in a note or bond there are, therein, two separable elements, viz., the obligation of the infant to the obligee or payee and also the warrant to a third party to confess the judgment. I believe, as held in other cases, that the

obligation (note or bond) is voidable but that the warrant of attorney to confess the judgment is void. *Fuqua v. Sholem, supra; Handley v. Wilson, supra.*

Such holding protects those dealing with the infant in that it allows an adjudication on the direct obligation of the infant, viz., on the note or bond itself, and only prevents a summary judgment against the infant. Such holding allows the infant to determine the validity of his own obligation in the same manner as he may determine any other contract or engagement, but casts around him a protective assurance that, in any litigation brought against him, he may be represented by a guardian or guardian *ad litem.*

In view of the unbroken line of Delaware decisions on the subject, I think the warrant of attorney must be held void. As said in *Hackett v. Bethlehem Steel Co.,* 5 *W. W. Harr.* (35 *Del.*) 317, 165 *A.* 332, 333:

"We feel bound to follow prior decisions of this Court unless clearly convinced that they are erroneous."

REINHARDT, J., concurred in this opinion.