MARYLAND CREDIT FINANCE CORPORATION, Assignee of Purnell Garage, v. GEORGE J. GORDY and SALLIE E. GORDY. Petition of GEORGE T. GORDY and SALLIE E. GORDY.

(*September* 3, 1948.)

PEARSON, J., sitting.

*Daniel J. Layton* for George J. Gordy and Sallie E. Gordy, petitioners and judgment defendants.

*Robert W. Tunnell* for Maryland Credit Finance Corporation, judgment plaintiff, and George T. Purnell, the purchaser at an execution sale under the judgment.

Superior Court for Sussex County, Judgment No. 270, April Term, 1948.

PEARSON, J.

From the petition, it appears that plaintiff caused to be entered a judgment by confession against the defendants,

who are the present petitioners. Later, under an execution writ, certain property of Sallie E. Gordy, one of the defendants, was sold by the Sheriff. George T. Gordy, the other defendant, was then and still is under 21 years of age, and has never confirmed the entry of the judgment or the transaction on which the judgment was based. Defendants take the position that because of the minority of one of them, the execution sale of the property of the other should be set aside.

Defendants assert that "a judgment confessed on a joint warrant of attorney made by an infant and another person, is not good as to either", citing 1 *Woolley on Delaware Practice,* § 798; *Carnahan v. Allderdice,* 4 *Harr.* 99; *Mendenhall's Ex'rs v. Springer,* 3 *Harr.* 87; *Waples v. Hastings,* 3 *Harr.* 403; *Hickman & Co. v. Branson,* 1 *Houst.* 429. As to those cases in which a judgment against a minor was set aside, it would seem that the Court accepted as a governing principle, that a power of attorney given by a minor to confess judgment was void, not merely voidable. In 1935, in *King v. Cordrey,* 6 *W. W. Harr.* 418, 177 *A.* 303, the Court in Banc (with two judges dissenting) declined to follow the "void" doctrine and decided that powers of attorney of minors for the confession of judgment are voidable only. In that case, a bond and warrant of attorney had been executed by a minor and another before the minor reached majority, and judgment was entered after his majority. Some ten years later, he sought to defend in scire facias proceedings on the ground of his minority at the time of the execution of the bond and warrant. The Court held his acts were voidable, but that after the lapse of time, he should be deemed to have ratified the judgment and could not set up his infancy as a defense.

Under the authority of the King case, the present minor's undertaking and authorization to confess judgment

was voidable, not void, when the transaction took place, when judgment was entered, and when the execution sale was held. It was not until after the sale that this petition was filed, which was the first step he took to indicate a disaffirmance. The judgment against him was conditionally valid at least up to the filing of the petition; that is, its only infirmity was that it was subject to being set aside upon disaffirmance by the minor (but not by his co-defendant) within a period expiring a reasonable time after his attaining majority.

■ ■ Here, it does not appear that the judgment was confessed on a joint (but not several) warrant of attorney. Petitioners argue that the judgment was entered against defendants "jointly". By this, I assume, is meant that the judgment was entered against both defendants at the same time; for the record of the judgment does not indicate the character of the obligation, or of the warrant of attorney, whether joint, or several, or both. It is not the practice to include such an indication in the judgment record. Hence, there is no presumption that a judgment entered against several defendants is founded upon a joint obligation or a joint warrant of attorney for confession of judgment. The burden is on the assailants of the judgment to demonstrate the grounds on which they would rely to establish the invalidity of proceedings under it. It is, thus, unnecessary to decide whether the present sale would be set aside at this stage if the warrant were joint only. From what is now before the Court, I find nothing to justify setting aside the execution and sale. The petition should, therefore, be dismissed and the rule discharged.

An order accordingly will be entered.